The opinion of the Court was afterwards delivered by
Sedgwick, J.
The question before us in this case is, whether the former conviction and judgment is a bar to the present prosecution. It is not objected that the former judgment, if a bar, has not been well pleaded. No authorities have been cited on either side, and the case must be determined upon principle..
The indictment is founded on the “ Act for punishing and preventing of larcenies,” passed March 15, 1785, by the third section »f which it is enacted, that a person convicted of the crime of theft shall, besides the other punishment provided therefor, “ be sen tenced to forfeit treble the value of the goods, or other articles stolen, to the owner thereof.” By the ninth section, the crime with which the defendant is charged is defined, and the mode of prosecution is prescribed, in these words: “ that whosoever shall comfort, aid, abet, assist, counsel, hire, command, or procure, any person to commit any of the offences hereinbefore described, or shall knowingly buy or receive any such stolen goods or chattels, or that shall knowingly receive, harbor, maintain, or conceal, any person guilty of any of the offences hereinbefore described, shall be considered as an accessory to the principal offender, and shall suffer the like punishment as he might have received on a first conviction ; and in case the principal offender be not known or prosecuted, any person committing any of the said crimes, whereby he becomes an accessory, may be prosecuted for a * misdemeanor, and [ *413 ] on conviction shall suffer such punishment as the principal offender might have suffered on a first conviction.”
As the defendant received as well the goods stolen from Bellows and Stone, as the goods stolen from Dow, at the same time, in the same parcels, and the act of reception is the same ; and as he has been convicted and punished for his participation in the crime of the theft from Dow, is the crime so indivisible that the government is barred from prosecuting for his participation in the crime of stealing the property of Bellows and Stone ?
To determine this question, it is not necessary to decide whether, if a man, by the same act, should steal the property of two persons, that one act of theft would authorize two indictments and judgments ; and yet the statute would seem to require it, if for no other reason, because the judgments for treble damages must be several. But in this case the guilt of the defendant is necessarily several, and his '.rimes cannot be united. When Andrews received the goods which *372 had been stolen by Tuttle from Dow, he became the accessory of" Tuttle in that theft; and by receiving those stolen from Bellows and Stone, he became an accessory also in that theft. The guilt of the accessory is a relation to the crime of the principal; and as the principal, in this case, had committed two crimes, the defendant, by his participation, is equally guilty of both. To illustrate this principle, let it be supposed that theft is a felony, and that there was no statute provision by which the defendant could have been convicted until after the conviction of the principal; that Tuttle had been convicted of the theft from Dow, before he was detected in the theft from Bellows and Stone; that afterwards a detection takes place, and there is another conviction of Tuttle ; and the defendant is charged as his accessory to the latter theft, but in the mean time he had been convicted as accessory to Tuttle in the theft from Dow: it will not, I presume, be pretended that that conviction would operate as a bar to the second prosecution. And we are all clearly of opinion that the statute in this respect makes no difference. It in the first place enumerates the acts which [ *414 ] shall make an accessory *to the principal offender, and then provides that, if the principal offender be not known or prosecuted, a person committing any of the crimes whereby he becomes an accessory , may be prosecuted for a misdemeanor. By the whole purview of the section, it is manifest that the guilt of the receiver is made to consist in his being accessory to the principal offender; andas Tuttle, the principal in this case, was guilty of two crimes, —- stealing from Dow, and from Bellows and Stone, — the guilt of both, by the defendant’s receiving the goods stolen, is imputable to him, and therefore a conviction in the one instance cannot be a bar to an indictment in the other. (a)

Plea in bar adjudged insufficient.

Afterwards, Otis moved the Court for leave to plead over. He said it would have been more proper to have reserved this privilege in his plea in bar; but having a strong confidence in that plea, it had escaped his attention. He now asked it as an indulgence ; and he stated some circumstances of hardship which were calculated to excite the favorable attention of the Court to his request.
*373 Before the Court had decided on this motion, Otis withdrew it for the purpose of moving the Court, in consideration of the circumstances above alluded to, to recommend to the counsel for the government to enter a nolle prosequi upon this indictment.
The Attorney-General intimated to the Court that, although the officers having the care of prosecutions in behalf of government must unquestionably always feel respect for the recommendations of the Court before which such prosecutions are pending, he still hoped, whenever they felt the need of the special interposition of the Court, they should find themselves able to solicit it. As to the present case, he would inquire into the circumstances recited by his brother Otis, and if he should be satisfied that a nolle prosequi ought to be entered, he would ask the countenance of the Court for that purpose.

Per Curiam.

The Court never do this, but at the instance of the counsel for the government.

 Vide Rex vs. Barnet, Smith, Burton, and Purser. — 2 Russ. on Cr. 40, 41, 174, 175, and note, 2d Lond. ed. — Rex vs. Turner, Kel. 30. — Rex vs. Jones and Beaver, Kel. 52.-2 Russell on Crimes, 40, note (z), 2d Lond. ed. — Rex vs. Vandercomb and Abbot, 2 Leach, 716. —2 East P. C ch. 4, § 29, p. 519.