Stone, J.
The objection taken by defendant’s attorney to the evidence offered on behalf of the state, and the ruling of the court thereon, proceed upon the concession that the goods charged in the second count of the indictment to have been stolen, were all taken at the same time, and that the taking thereof, although they were the property of different persons, constituted, in fact, but one transaction. This the attorney for the state offered at the time to prove, and such was the legal effect of the allegations of the second count of the indictment, under which the testimony was offered. In sustaining the objection, and requiring the prosecutor to treat the charge of stealing the property of each alleged owner as being necessarily, in law, charges of separate and distinct offenses, we think the court erred.
The particular ownership of the property which is the subject of a larceny, does not fall within the definition and is not of the essence of the crime. The gist of the offense consists in feloniously taking the property of another ; and neither the legal nor the moral quality of the act is at all affected by the fact that the property stolen, instead of being owned by one, or by two or more jointly, is the several property of different persons. The particular ownership of the property is charged in the indictment, not to give character to the act of taking, but merely by way of description of the particular offense.
It is urged, in support of the ruling of the court below, that whatever might otherwise be the law upon this subject, the taking, in such case, of the property of each owner must, under our statute, be held to be a separate and distinct offense; for the reason that the accused, in case he is *348 convicted, and the value of the property taken is found to be less than thirty-five dollars, may be required, as a part of the sentence, “to make restitution to the party injured in twofold the value of the property stolen.” This position finds some countenance in the remarks of Sedgwick, J., in Commonwealth v. Andrew, 2 Mass. 409. The question, however, did not arise in that case, and was not determined.
The argument rests upon the assumption that an order of restitution can be made in a particular case in favor of one party only, and hence the conclusion is reached that this provision of the statute can only be complied with by treating the larceny of the goods of each owner as necessarily a separate and distinct offense.
The assumption seems to us to- be founded in a misconception of the nature of the prosecution and of the relation to it of the party injured. The prosecution is conducted in the name and by the authority of the state, and the paramount object is the punishment of the offender. The party injured may be incidentally benefited as the result of a conviction, but he is in no sense a party to the proceeding.
The only parties upon the record, and the only parties' in fact, are the state upon the one side and the accused .upon the other. When, therefore, the subject of a particular larceny is the property of different persons, and is found to be of the aggregate value of less than thirty-five dollars, we see no reason why the jury may not, properly, be required to return the value of the property belonging to each, as well as the aggregate value of the whole, or why, such return being made, orders of restitution in favor of the several owners, may not be made conformably thereto.
Being of the opinion that the court below erred in the rulings complained of, we state the following as the rule of law, which, in our judgment, ought to govern similar cases which may now be pending or which may hereafter arise.
*349 Where several articles of property are stolen at the same time, the transaction being the same, the whole, although, they belong to different owners, may be embraced in one count of the indictment, and the taking thereof charged as one offense.