## COMMONWEALTH vs. ANDREW BRESSANT.

Suffolk.    January 3. — 25, 1879.    COLT & ENDICOTT, JJ., absent.

To an indictment for larceny, the defendant filed a plea in bar, averring that he had been arraigned on a complaint before a municipal court, "and said complaint was dismissed; and he was lawfully discharged and acquitted on said complaint of the same offence with which he is now charged in said indictment." *Held*, that a demurrer to the plea was properly sustained.

INDICTMENT charging the defendant, on September 9, 1878, at Boston, with the larceny of "divers promissory notes of the amount and of the value in all of nine hundred and fourteen dollars, a more particular description of which is to the jurors unknown, of the property, goods and chattels of one Nicholas Moens."

At October term 1878 of the Superior Court, the defendant filed a plea in bar, the substance of which appears in the opinion, to which the government demurred. *Putnam*, J., sustained the demurrer and overruled the plea. The defendant was then tried; the jury returned a verdict of guilty; and the defendant alleged exceptions to the ruling sustaining the demurrer.

*G. W. Searle & J. W. Mahan,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

MORTON, J. The only question which the defendant now presents for our consideration is whether his special plea in bar is a good plea of a former acquittal of the same offence charged in the indictment.

The plea, after alleging that a complaint was made against the defendant before the Municipal Court of the city of Boston, charging him with the larceny of divers promissory notes the property of Nicholas Moens, and that a warrant thereon was issued upon which he was brought before said court and arraigned on the 4th day of October, when he pleaded not guilty, avers that " the case was continued until the tenth day of the present month of October, when he was again brought before said Municipal Court, and said complaint was dismissed, and he was lawfully discharged and acquitted on said com plaint of the same offence with which he is now charged in said indictment."

This is not a good plea of a former acquittal. The leading allegation is, that the " said complaint was dismissed." If the words that follow, " and he was lawfully discharged and acquitted on said complaint," are to be construed as a substantive allegation of a former acquittal, it is inconsistent with and repugnant to the other allegation. The effect of dismissing a complaint without a trial is like that of quashing or entering a *nolle prosequi* of an indictment. By neither of these is the defendant acquitted of the offence charged against him, but he is only exempted from liability on that complaint or indictment. *Commonwealth* v. *Gould,* 12 Gray, 171. Taking the whole allegation together, the only sensible meaning is that the complaint was dismissed, and so the defendant was acquitted, the latter allegation being not an averment of a fact, but a statement of the defendant's conclusion of law from the main facts stated.

A demurrer admits only those facts which are well pleaded. The demurrer of the government in this case admitted that a complaint against the defendant for the same offence charged in the indictment had been dismissed. But, as we have before said, this was not an acquittal of the offence, which could be pleaded or given in evidence in bar of the indictment.

We are therefore of opinion that the rulings of the Superior Court, sustaining the demurrer and ordering the defendant to plead over to the indictment, were correct.

*Exceptions overruled.*