## COMMONWEALTH *vs.* MICHAEL HART.

Middlesex.    February 4, 1889. — March 1, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Complaint to Police Court — Nolle Prosequi by Judge — Plea of Former Acquittal.*

On a complaint to a police court, the defendant pleaded not guilty, and was put upon his trial, and, after evidence was heard against him, the judge "nol pros'd" the complaint and discharged him. *Held,* that this amounted to an acquittal of the defendant.

COMPLAINT on the Pub. Sts. c. 101, §§ 6, 7, to the Police Court of Newton, for keeping a common nuisance on the first day of August, 1888, and on divers days between that day and the tenth day of September, 1888.

Trial in the Superior Court, on appeal, before *Mason,* J., who allowed the following bill of exceptions:

"The defendant duly pleaded in bar of said complaint that he was tried and acquitted on a complaint relating to the same tenement, and charging the same offence, on the tenth day of September, 1888, by said police court, said complaint covering a part of the time alleged in the complaint on trial, and it was admitted at this trial that on said complaint he pleaded not guilty; that one witness for the government was heard at a trial thereon; and the case continued until the tenth day of September, 1888, when the court *nol pros'd* the complaint and discharged the defendant. The defendant claimed, and asked the court to rule, that the above facts would be a bar to the complaint on trial, but the court refused so to rule, the defendant excepting; and on a trial upon the merits, the jury convicted the defendant."

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

W. ALLEN, J.    To a complaint brought before a police court for a misdemeanor, the defendant pleaded in bar a former acquittal by the same court on a complaint for the same offence. The defendant pleaded not guilty to the former complaint, and was put upon his trial thereon, and evidence heard against him,

and he was discharged. The only ground for holding that the former judgment is not a bar is in the statement that during the progress of the trial "the court *nol pros'd* the complaint."

In general a person put upon trial for a crime is thereby put in jeopardy, and cannot be again tried for the same offence. Of the exceptions to this rule it is necessary to refer only to the one upon which the Commonwealth relies, — when a prosecution is terminated during the progress of a trial by the entry of a *nolle prosequi* by the Commonwealth's attorney, with the consent of the defendant. The general right of a defendant on trial to insist upon a determination of the trial which will bar another prosecution is admitted; but it is claimed that the attorney for the Commonwealth has a right to enter a *nolle prosequi* during a trial, and leave with the defendant his right to a verdict; and that if the defendant does not insist upon that right, but accepts his discharge without a verdict, there will be no bar to another prosecution. It would seem that after the termination of a prosecution there would be nothing before the court upon which a verdict could be rendered, and that the court could do nothing except to discharge the defendant. The true rule would seem to be, that, after a trial has commenced, the Commonwealth's attorney, though he has the power, has not the right, to terminate the prosecution without a verdict; and his refusal of record to further prosecute the indictment has the effect of and amounts to an acquittal of the defendant, unless it is done with his consent. *Commonwealth* v. *Roby*, 12 Pick. 496. *Commonwealth* v. *Tuck*, 20 Pick. 356. *Commonwealth* v. *Scott*, 121 Mass. 33. *Commonwealth* v. *McCormick*, 130 Mass. 61.

But whatever the rule may be in regard to the discontinuance of a prosecution by the authorized attorney for the Commonwealth, we do not think that it applies to the case at bar. No *nolle prosequi* was entered in this case. Only an attorney authorized by the Commonwealth to represent it has authority to declare that he will not further prosecute a case in behalf of the Commonwealth. A court is not a prosecuting officer, and does not act as the attorney for the Commonwealth. Its office is judicial, — to hear and determine between the Commonwealth and the defendant. The fact that no authorized attorney for the Commonwealth is before the court does not give to it the

character and authority of an attorney. A court may terminate a prosecution by discharging a defendant before trial; *Commonwealth* v. *Bressant*, 126 Mass. 246; or during a trial; *Sayles* v. *Briggs*, 4 Met. 421. But it is by the judgment of a court, and not by the act of a prosecuting officer.

The formal record shows that the defendant was put on trial and was discharged. This is a record of acquittal. *Sayles* v. *Briggs*, 4 Met. 421. We think it has the same effect whether the statement that the "court *nol pros'd* " the complaint is rejected, or is construed to mean that the court dismissed the complaint without completing the trial. When the defendant was put on trial he was put in jeopardy. If there were facts, analogous to those that frequently exist in jury trials, which showed that there could not be a valid trial, as that the judge was interested, or in any way incapacitated from going on with the trial, or if the defendant consented that there should be another trial upon another complaint, such facts should appear. All that appears is that the judge, after the trial was commenced and partly concluded, decided to try the defendant again upon another complaint, and discharged him. We think this was properly pleaded as an acquittal.          *Exceptions sustained.*