COMMONWEALTH *vs*. RICHARD NESSOLINI. April 16, 1985. *Practice, Criminal,* Sentence, Plea, Judicial discretion. *Firearms.*

Acting on the defendant's motion to revise or revoke a five-year sentence the judge had imposed eight months before, after the defendant had pleaded guilty to a charge of carrying a rifle illegally (G. L. c. 269, § 10[*a*]), the judge announced he would treat the motion as one to withdraw the guilty plea and would allow it. He then permitted the defendant to plead guilty to the lesser included offense of unlawful possession of a rifle (G. L. c. 269, § 10[*h*]), an offense which, unlike carrying, does not bear a mandatory minimum one-year imprisonment. On the possession conviction the judge imposed a sentence which would make the defendant parole-eligible forthwith. All this was done over strenuous objection of the Commonwealth, which appealed under Mass.R.Crim.P. 30(c)(8), 378 Mass. 900 (1979).

The judge's action was plainly improper. The sole ground of the motion and the basis on which the judge acted were that the incarceration had had its intended effect on the defendant and that further prison time would serve no useful purpose. "Standing alone, dissatisfaction with a sentence is never a sufficient reason to grant a defendant's postsentence motion to withdraw

his plea." *Commonwealth* v. *DeMarco,* 387 Mass. 481, 483 n.5 (1982). Specifically with respect to a conviction of unlawful carrying, the allowance of withdrawal of a guilty plea on such a ground would be tantamount to judicial nullification of the mandatory minimum term of imprisonment prescribed by the Legislature. See *Commonwealth* v. *Jackson,* 369 Mass. 904, 922 (1976). Moreover, even if the judge had had a proper reason for allowing withdrawal of the guilty plea, it is at least questionable that he could accept the defendant's guilty plea to a lesser-included offense over the Commonwealth's objection, thus in effect dismissing the greater charge without affording the Commonwealth the opportunity to prove its case. Without deciding the question, we point out only that we do not read *Commonwealth* v. *Watson,* 393 Mass. 297, 301 (1984), as holding by negative implication that a judge possesses a wide-ranging discretion thus to dismiss charges, particularly in a pretrial context.

It is suggested by the defendant that the judge could properly have drawn an inference that the defendant, at the original plea hearing, was unaware of the essential elements of the offense of carrying. The contention was not raised in the trial court and was not the subject of any findings by the judge (the basis for whose action related purely to sentencing considerations). The motion, being to revise or revoke the sentence, did not put the Commonwealth on notice that there was to be any reconsideration of the voluntariness of the plea. Compare *Commonwealth* v. *DeMarco, supra* at 485 n.10. The transcript of the original plea hearing discloses that the defendant admitted at that time to facts which strongly suggested more than the momentary possession held in *Commonwealth* v. *Atencio,* 345 Mass. 627, 631 (1963), not to constitute "carrying." Compare *Commonwealth* v. *Huot,* 380 Mass. 403, 408-410 (1980). If the defendant wishes to press the matter of voluntariness, he should bring a motion for a new trial under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), rather than a motion to revise or revoke under Mass.R.Crim.P. 29. *Commonwealth* v. *Huot,* at 406. The procedural requirements of the two rules are explicit and distinct.

The orders allowing the defendant to withdraw his guilty plea to indictment no. 83-2477, and to plead guilty to so much of the indictment as charged unlawful possession of a rifle under G. L. c. 269, § 10(*h*), are reversed; and an order is to be entered in no. 83-2477 denying the motion to revise or revoke.

*So ordered.*

*Margot Botsford,* Assistant District Attorney, for the Commonwealth.
*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.