## COMMONWEALTH *vs.* VENTRY GORDON.

Suffolk. March 7, 1991. - July 1, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Plea, Lesser included offense, Retroactivity of judicial holding. *Constitutional Law*, Separation of powers, Ex post facto law. *District Attorney. Judge.*

A judge had no authority or power to accept, over the objection of the Commonwealth, a plea to murder in the second degree from a defendant indicted for murder in the first degree. [500-504] NOLAN, J., concurring in part and dissenting in part.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 14, 1991.

The case was reported by *Lynch*, J.

*Thomas F. Reilly*, District Attorney (*Patricia M. Darrigo*, Assistant District Attorney, with him) for the Commonwealth.

*Willie J. Davis* for the defendant.

ABRAMS, J. At issue is the power and authority of a trial judge to accept, over the Commonwealth's objection, a plea to murder in the second degree from a defendant indicted for murder in the first degree. In this case, the plea was accepted over objection and in the face of sufficient evidence to warrant submitting the matter to the jury on the charge of murder in the first degree. The Commonwealth asserts that the judge's exercise of such power violates art. 30 of the Massachusetts Declaration of Rights.[1] We agree. We also reject

---

[1] Article 30 of the Massachusetts Declaration of Rights provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them:

the defendant's claim that constitutional principles preclude the Commonwealth from attempting to obtain convictions for murder in the first degree in his case.

Ventry Gordon, the defendant, was charged in two indictments with murder in the first degree.[2] Prior to trial, before evidence was heard in the case, the defendant indicated his willingness to plead guilty to so much of each indictment as constituted murder in the second degree. The Commonwealth objected. The judge questioned the defendant to determine whether his plea was voluntary and intelligent. The defendant assented to the assistant district attorney's recitation of the factual basis for the indictments with one minor addition not relevant here. After finding that the defendant's decision was voluntary, the judge accepted the pleas. Again, the Commonwealth objected. Sentencing was deferred. The Commonwealth then filed a complaint for relief in this court pursuant to G. L. c. 211, § 3 (1990 ed.). A single justice reserved and reported the case without decision.

As a preliminary matter, we note that the petition for relief pursuant to G. L. c. 211, § 3, is properly before us. The parties agree that the judge's acceptance of the pleas to murder in the second degree constitutes a dismissal of the indictments of murder in the first degree. If the judge had, in fact, actually dismissed the charge of murder in the first degree, the Commonwealth could have appealed pursuant to Mass. R. Crim. P. 15 (b), as amended, 397 Mass. 1225 (1986). The judge, however, did not do so. Nor was the judge's action taken in response to the types of motions contemplated in Mass. R. Crim. P. 13 (c), 378 Mass. 871 (1979), and rule 15 (b). Because there was no appellate remedy to determine the correctness of the judge's actions, the district attorney properly sought relief pursuant to G. L. c. 211, § 3.

---

the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."

[2]He also pled guilty to an indictment charging armed robbery.

We have observed that, "[i]f a valid complaint or indictment is dismissed prior to a verdict, finding or plea, without an evidentiary hearing and over the objection of the Commonwealth '[t]he effect . . . is like that of quashing or entering a *nolle prosequi* of an indictment.' *Commonwealth* v. *Bressant*, 126 Mass. 246, 247 [1879]. There is, indeed, serious doubt as to the power of a court to enter such an order." *Commonwealth* v. *Brandano*, 359 Mass. 332, 334-335 (1971). The reason for the doubt expressed in *Brandano* is the long-standing proposition that the decision to nol pros a criminal case is within the discretion of the executive branch of government, free from judicial intervention. See *Shepard* v. *Attorney Gen.*, 409 Mass. 398, 401 (1991); *Burlington* v. *District Attorney for the N. Dist.*, 381 Mass. 717, 721 (1980); *Manning* v. *Municipal Court of the Roxbury Dist.*, 372 Mass. 315, 318 (1977); *Commonwealth* v. *Tuck*, 20 Pick. 356, 366 (1838). In fact, as far back as 1806 this court has held that a nolle prosequi cannot be entered over the Commonwealth's objection. See *Commonwealth* v. *Wheeler*, 2 Mass. 172 (1806). See also *Commonwealth* v. *Hart*, 149 Mass. 7, 8 (1889) ("Only an attorney authorized by the Commonwealth to represent it has authority to declare he will not further prosecute a case in behalf of the Commonwealth. A court is not a prosecuting officer . . . . Its office is judicial, — to hear and determine between the Commonwealth and the defendant"); *Commonwealth* v. *Andrews*, 2 Mass. 409, 414 (1807). We can see no distinction between the judge's action in this case and a judge's attempt to nol pros a valid indictment. In both situations, the judge has exercised discretionary decision-making power to decide whether a complaint, legally valid, should be pursued. As with the nolle prosequi, the prosecutor's pretrial discretion to dismiss a valid complaint is essential to maintaining the balance integral to a properly functioning adversary system.

The district attorney is the people's elected advocate for a broad spectrum of societal interests — from ensuring that criminals are punished for wrongdoing, to allocating limited resources to maximize public protection. In this case, the dis-

trict attorney apparently decided that the public interest would be served by convictions of murder in the first degree. The judge's action short-circuited the adversary process by silencing the people's elected voice. Without any legal basis for his ruling, the judge preempted the Commonwealth's presentation of its case. That action effectively usurped the decision-making authority constitutionally allocated to the executive branch.[3] Accord *United States* v. *Edmonson*, 792 F.2d 1492 (9th Cir. 1986), cert. denied sub nom. *Huerta* v. *United States*, 479 U.S. 1037 (1987); *United States* v. *Gray*, 448 F.2d 164 (9th Cir. 1971), cert. denied sub nom. *Ortiz* v. *United States*, 405 U.S. 926 (1972); *Petition of the U.S. for a Writ of Mandamus*, 306 F.2d 737 (9th Cir. 1962); *State* v. *Carlson*, 555 P.2d 269 (Alaska 1976); *People* v. *Orin*, 13 Cal. 3d 937 (1975); *Genesee County Prosecutor* v. *Genesee Circuit Judge*, 391 Mich. 115 (1974); *State* v. *Carriere*, 290 N.W.2d 618 (Minn. 1980); *Benjamin S.* v. *Kuriansky*, 83 A.D.2d 630 (N.Y. 1981), rev'd on other grounds, 55 N.Y.2d 116 (1982); *State ex rel. Powell* v. *Shi*, 566 P.2d 1170 (Okla. Ct. Crim. App. 1977) (and cases cited therein). Cf. *Ohio* v. *Johnson*, 467 U.S. 493, 502 (1984) (After a judge accepts a plea to a lesser included offense over the prosecutor's objection, double jeopardy does not bar prosecution of the greater offense. "[E]nding prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws").

---

[3]We take this opportunity to remind judges that they are not to participate as active negotiators in plea bargaining discussions. See *Commonwealth* v. *Kelleher*, 28 Mass. App. Ct. 915 (1989); *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. 615, 622 n.13 (1982); 3 ABA Standards for Criminal Justice § 14-3.3 (2d ed. 1982 Supp.); Note, Judicial Plea Bargaining, 19 Stan. L. Rev. 1082 (1967). Concerns about judicial involvement in plea bargaining have centered around the effect on the judge's subsequent ability to evaluate the voluntariness of the agreement, the potential coercive impact on the defendant, and the effect on public respect for the court's impartiality. See Note, The Unconstitutionality of Plea Bargaining, 83 Harv. L. Rev. 1387, 1392 (1970); Note, Judicial Plea Bargaining, *supra* at 1088-1091.

For these reasons, the judge was mistaken in relying on a dictum in *District Attorney for the Suffolk Dist.* v. *Watson*, 381 Mass. 648 (1980), in asserting this power. *Watson* concerned the constitutionality of the death penalty. In discussing the inherent arbitrariness in inflicting capital punishment, we noted that various opportunities for discretion arise throughout the handling of a criminal matter. Thus, we observed that "the judge may dismiss the first degree murder charge, in his sole discretion, pursuant to accepting a plea of guilty to a lesser offense." *Id.* at 668. This isolated dictum, in the middle of a case concerned with a completely different set of issues, cannot support the judge's action. Although the remark did not explicitly state that the discretionary power to dismiss applies only in the context of a plea agreement to which a prosecutor has consented, we think that qualification is implicit.

We emphasize that this case does not involve a dismissal of an indictment on a legal basis. The district attorney is not arguing that the court lacks authority to dismiss indictments for insufficient evidence before the grand jury, see *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), or because evidence before the grand jury was not fairly presented, see *Commonwealth* v. *O'Dell*, 392 Mass. 445 (1984), or because the prosecution is barred by principles of double jeopardy, see *Angiulo* v. *Commonwealth*, 401 Mass. 71, 79-80 (1987), or for insufficiency of the evidence to be presented at trial, see *Rosenberg* v. *Commonwealth*, 372 Mass. 59 (1977). Nor is the power asserted by this judge analogous to a judge's authority to order a finding of guilty of a lesser included offense after a jury has handed down a verdict, see Mass. R. Crim. P. 25 (b) (2), 378 Mass. 896 (1979), or the authority to revise and revoke a sentence, see Mass. R. Crim. P. 29, 378 Mass. 899 (1979).[4] All those powers involve either rul-

---

[4] The defendant contends that Mass. R. Crim. P. 12 (a), 378 Mass. 866 (1979), provides the judge with discretion to accept his plea. Rule 12 (a) reads in part: "A defendant may plead . . . guilty . . . to any crime *with which he has been charged* and over which the court has jurisdiction. . . . A judge may refuse to accept a plea of guilty . . . ." (Emphasis added.) The italicized portion of the rule makes clear that the defendant can plead

ings of law or exercises of discretion *after* the Common-
wealth has had a full and fair opportunity to present its case.
By contrast, pretrial dismissal of a lawful complaint prema-
turely cuts off the prosecution without a legal basis.[5]

In sum, in the absence of a legal basis for taking a plea to
a lesser included offense, the judge may not preclude the
Commonwealth from submitting its case to a jury. Neither
court congestion nor judicial economy justifies a judge in tak-
ing a plea to a lesser included offense over the Common-
wealth's objection. On the record before us, there is no legal
basis for not permitting the Commonwealth to try to obtain a
conviction for murder in the first degree.[6]

The defendant also argues that, even if this court decides,
as we have, that the judge had no power to accept his plea to
a lesser included offense over the Commonwealth's objection,
retroactive application of that decision to him would violate
the due process and ex post facto provisions of both the State
and Federal Constitutions. We reject this contention. Unlike
those cases in which the possibility of prospective application
arises, this opinion does not in any way announce a "new rule
of law." See *Hanover Shoe, Inc.* v. *United Shoe Mach.
Corp.*, 392 U.S. 481, 496 (1968); *Commonwealth* v. *Bray*,

---

guilty only to those crimes with which he has been charged. Moreover,
Mass. R. Crim. P. 12 (b), 378 Mass. 866 (1979), is the provision authoriz-
ing exchanges of guilty pleas for charge concessions. Nothing in that rule
contemplates a judge's participation in such negotiations.

[5]For similar reasons, the defendant's reliance on *Commonwealth* v. *Wat-
son*, 393 Mass. 297 (1984), is misplaced. In that case, we upheld the
judge's refusal to accept the defendant's plea to a lesser included offense,
finding "no abuse of discretion." *Id.* at 301. However, the plea was offered
*after* the close of the Commonwealth's case. No preclusion of a legally
valid prosecution was involved. See *Commonwealth* v. *Nessolini*, 19 Mass.
App. Ct. 1016, 1017 (1985).

[6]The dissent's portrayal of our opinion as requiring a statement of rea-
sons for the judge's action mischaracterizes our conclusion. Our holding is
not based on the judge's failure to state his reasons for accepting the plea.
What we said is that the judge lacked authority to take the plea to the
lesser included offense. The judge's action usurped the decision-making au-
thority of the executive branch of government.

407 Mass. 296, 303 (1990). The judge had no power to accept this plea.

For the foregoing reasons, judgment is to enter vacating the order of the Superior Court accepting the defendant's pleas of guilty to murder in the second degree. Trial is to proceed in the Superior Court on the indictments for murder in the first degree.[7]

*So ordered.*


NOLAN, J. (concurring in part and dissenting in part). The court today holds that a judge may not accept a defendant's plea over the Commonwealth's objection without stating the reasons for so doing. I agree that, in the absence of an explicit explanation, such an action creates the appearance, and even the strong possibility, that the judge has impermissibly interfered with the prosecutorial function in violation of art. 30 of the Massachusetts Declaration of Rights. In such a case, it is not unreasonable to presume that there was such a violation and to reverse the ruling in order to safeguard the line between the judiciary and the executive branch.

However, I write separately to emphasize that nothing in the court's opinion would prevent the judge from accepting the plea for reasons which do not encroach on the executive power, provided he fully explained these reasons. See *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971). Such an action would, of course, be subject to review by this court. Provided the judge was utilizing the judicial rather than the executive power, there would be no conflict. An example of a potentially valid judicial reason for accepting a plea over the objection of the prosecutor would be the case where the judge determined that the sole reason for the pursuit of the more severe offense was a personal animosity between the prosecutor and the defendant, and that the sole purpose of

---

[7]In view of our decision, the defendant may, on motion, move to withdraw his plea to armed robbery. If the defendant so moves, the motion should be allowed.

the trial was to harass the defendant. On the present record, there is not even a suggestion of such animosity in this case.

I also write separately to express my reservation over the court's gratuitous statement that "[n]either court congestion nor judicial economy justifies a judge in taking a plea . . . over the Commonwealth's objection." *Ante* at 503. There is not even a whisper on the record that court congestion or judicial economy played any part in the decision which we review today. Moreover, I think it unwise to determine on the basis of art. 30, if that is the basis for the court's statement, that the judiciary may not manage an overcrowded and underfunded court system by accepting reasonable guilty pleas, even over the objection of the prosecutor. We ought not foreclose that possibility with such a passing phrase unsupported by the record.

I dissent to the extent that I would direct the judge of the Superior Court to set forth his reasons for accepting the plea.