COMMONWEALTH *vs.* STEPHEN E. ROSE. No. 01-P-517. May 10, 2002. *Practice, Criminal,* Plea, District Attorney. *Judge.*

Stephen E. Rose, the defendant, stood charged with driving under the influence of alcohol, *fourth offense.* Under G. L. c. 90, § 24 (1)(a)(1), fifth par., conviction of that offense mandates a minimum sentence of two years of imprisonment. Over the objection of the Commonwealth, a judge of the District Court accepted from the defendant a plea of guilty to driving under the influence of alcohol, *third offense,* and imposed on the defendant a sentence of: two years house of correction, six months to serve, balance suspended, probation for two years.

Apparently it bears restating that, as matter of constitutional law, judges do not possess authority unilaterally to reduce the level of charge brought by the prosecutor. Unless the Attorney General or the district attorney agrees to a lesser charge (or a nolle prosequi), a court is bound "to hear and determine between the Commonwealth and the defendant." *Commonwealth* v. *Hart,* 149 Mass. 7, 8 (1889). *Commonwealth* v. *Gordon,* 410 Mass. 498, 503 (1991). *Commonwealth* v. *Green,* 52 Mass. App. Ct. 98, 101 (2001). As the *Gordon* opinion, at 502-503, explicates, a judge may, for a variety of reasons based in law, dismiss a charge brought by the Commonwealth (e.g., insufficient evidence before the grand jury or double jeopardy), or may exercise his discretion to dismiss or reduce a charge "*after* the Commonwealth has had a full and fair opportunity to present its case," *Commonwealth* v. *Lowder,* 432 Mass. 92, 100 (2000), quoting from *Commonwealth* v. *Gordon, supra* at 502-503 (emphasis original), but the judge may not co-opt the discretion of the prosecuting authority to decide what charge the government will bring. See *Commonwealth* v. *Peterson,* 51 Mass. App. Ct. 779, 782 (2001).

The judgment is reversed, the finding of guilty of driving under the influence of alcohol, third offense, is set aside, and the case is remanded to the District Court for trial of the defendant at the fourth offense level, if the Commonwealth so elects.

*So ordered.*

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

*Angela G. Lehman* for the defendant.