COMMONWEALTH *vs.* MICHAEL MANNING.

No. 08-P-1514.

Middlesex. June 4, 2009. - December 1, 2009.

Present: VUONO, SMITH, & RUBIN, JJ.

*Practice, Criminal,* Appeal by Commonwealth, Sentence, Dismissal, Plea, Lesser included offense. *Constitutional Law,* Separation of powers. *Executive. District Attorney. Judge. Words,* "Disposition."

A District Court judge's dismissal, over the Commonwealth's objection, of a charge of distribution of a class D substance in a school zone, prior to trial, without a guilty plea or an admission to sufficient facts, violated art. 30 of the Massachusetts Declaration of Rights, improperly intruding on the constitutionally allocated prerogative of the executive branch to decide which criminal cases to prosecute, where the record did not reveal any basis to conclude that the evidence was insufficient to support the school zone charge. [831-832]

A District Court judge's acceptance, over the Commonwealth's objection, of a defendant's plea of guilty to possession, a lesser included offense of distribution of a class D substance, with which the defendant was charged, violated art. 30 of the Massachusetts Declaration of Rights, improperly intruding on the constitutionally allocated prerogative of the executive branch to decide which criminal cases to prosecute, where accepting the defendant's plea of guilty to a lesser included offense over the Commonwealth's objection had the effect of nol prossing or dismissing the distribution charge [833-834]; further, there was no merit to the defendant's argument that a request to reduce a charge to a lesser included offense constitutes a "disposition" or a "dispositional" request within the meaning of G. L. c. 278, § 18, given that the word "disposition," as it is used in the statute, refers to the sentence or punishment imposed by a criminal charge [834-835].

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on October 11, 2007.

Following a plea colloquy, a plea to a lesser included offense on one charge was accepted by *James H. McGuinness, Jr.,* J., and dismissal of a second charge was ordered by him.

*Sean Griffith,* Assistant District Attorney, for the Commonwealth.

*Carlo A. Obligato*, Committee for Public Counsel Services, for the defendant.

SMITH, J. On October 11, 2007, a two-count complaint issued from the District Court charging the defendant in count one with distribution of a class D substance, G. L. c. 94C, § 32C(*a*), and in count two with distribution of a class D substance while in or on, or within 1,000 feet of a school, G. L. c. 94C, § 32J.[1]

The defendant filed a suppression motion, but on the date scheduled for a hearing on the motion, the parties submitted a form containing a conditional tender of a guilty plea. See G. L. c. 278, § 18. The parties stated that they could not agree on the disposition of the two counts. The defendant requested that the distribution charge in count one be reduced to possession and the matter be continued without a finding for one year, and that the violation of a school zone charge in count two be dismissed. The Commonwealth requested guilty findings on both counts, with a sentence of one day in the house of correction imposed on the distribution charge on count one, and a two-year sentence imposed on count two, to be served after the one-day sentence imposed in count one.

Before accepting the defendant's pleas, the judge conducted a colloquy, which is not challenged on appeal. During the colloquy, the prosecutor recited the following facts as to the two counts. A security guard at Lowell High School observed the defendant, on videotape, receiving cash from another student in exchange for marijuana. When the guard informed the defendant what he had observed, the defendant stated, "I'm not a distributor. I just sold one bag of marijuana." The defendant admitted that the facts recited by the prosecutor were true.

After the colloquy, the judge accepted the defendant's requested recommendation, i.e., reducing the charge in count one to possession of marijuana, finding sufficient facts as to the reduced count, and continuing the matter without a finding for one year, under probationary conditions, until February 19, 2009. The judge then dismissed the school zone charge without a plea, stating that he

---

[1] The defendant was also charged with four unrelated counts of vandalism that were disposed of at the same time as the charges at issue, but the defendant has not appealed from that disposition and no claim is presented in this appeal related to those charges.

could not find facts sufficient on that count.[2] The prosecutor objected to the judge's disposition of the charges and filed a timely notice of an appeal.[3]

On appeal, the Commonwealth argues that the judge violated art. 30 of the Massachusetts Declaration of Rights when he accepted a plea to the lesser included offense of possession of marijuana, over the Commonwealth's objection, and also when he dismissed the school zone charge. We agree.

*Discussion.* At the outset, we address the defendant's preliminary contention that, because the Commonwealth's notice of appeal only referenced the order dismissing count two of the complaint, our review is confined to that count only. Because the Commonwealth could not have proceeded on the school zone violation in count two unless the underlying distribution charge was reinstated, see G. L. c. 94C, § 32J, and G. L. c. 94, § 34C(*a*), an appeal from the dismissal of the school zone offense, by necessity, requires that we review the judge's reduction of the distribution charge in count one. Given these circumstances, the Commonwealth's notice of appeal was adequate, as it made clear that it was entering an appeal on both counts of the complaint. See Mass.R.A.P. 3(c), as appearing in 430 Mass. 1602 (1999).

1. *Dismissal of the school zone charge.* Turning to the substantive issues raised on appeal, we first consider whether the judge properly dismissed the school zone charge. It is well established that the judiciary does not have the power to dismiss an otherwise legally adequate complaint or indictment prior to

---

[2]The Commonwealth appears to suggest that this finding was directed to both charges, but in context, the judge's statement that he did not find sufficient facts appears to be limited to the school zone count.

[3]The prosecutor's objection was not a model of clarity, either in substance or timing but we hold that it was nonetheless adequate to alert the judge that the Commonwealth did not agree to the reduction of the distribution charge or the dismissal of the school zone violation. See *Commonwealth* v. *Cancel*, 394 Mass. 567, 571-572 (1985); *Commonwealth* v. *Gee*, 36 Mass. App. Ct. 154, 159 (1994). In addition, the prosecutor stated at oral argument before this court that a conference had been held in the judge's lobby prior to the taking of the defendant's pleas, at which time the prosecutor objected to the proposed dispositions of the counts. The judge unfortunately did not adhere to the suggestion of the Supreme Judicial Court that the better practice is to have the lobby conference recorded. See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 501 (1992).

verdict, finding, or plea, over the objection of the prosecutor. See *Commonwealth* v. *Tim T.*, 437 Mass. 592, 594-597 (2002) (Juvenile Court judge could not dismiss complaint over Commonwealth's objection without first obtaining guilty plea or admission to sufficient facts). See also *Commonwealth* v. *Cheney*, 440 Mass. 568, 574-575 (2003) (same principles apply in Superior Court); *Commonwealth* v. *Powell*, 453 Mass. 320, 321, 324-325, 327 (2009); *Commonwealth* v. *Borders*, 73 Mass. App. Ct. 911, 912-913 (2009). The basis for these decisions rests on the principle of separation of powers, set forth in art. 30 of the Massachusetts Declaration of Rights, which does not "permit judges to substitute their judgment as to whom and what crimes to prosecute, for the judgment of those who are constitutionally charged with that duty," namely, the prosecution. *Commonwealth* v. *Cheney, supra* at 575.

Here, the judge's dismissal of the school zone charge prior to trial, without a guilty plea or an admission to sufficient facts, improperly intruded on the constitutionally allocated prerogative of the executive branch to decide which criminal cases to prosecute. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 500-503 (1991); *Commonwealth* v. *Pyles*, 423 Mass. 717, 719-720, 723 (1996); *Commonwealth* v. *Tim T.*, 437 Mass. at 594-598. See also *Commonwealth* v. *Peterson*, 51 Mass. App. Ct. 779, 782 (2001).

The fact that the judge dismissed the charge because the evidence was insufficient to sustain it does not alter our conclusion. At the plea hearing, the prosecutor represented that the Commonwealth was prepared to prove that the defendant had been recorded on a videotape, inside a public high school, selling marijuana. Based on the record, we cannot discern any basis on which to conclude that the evidence was insufficient to support the charge that he was selling drugs within a school zone, especially in view of the fact that the defendant did admit during the colloquy that he sold marijuana in the school. Even if we were to conclude otherwise, the appropriate means by which to test the sufficiency of the evidence would be by a motion to dismiss the complaint on the ground that it was issued without probable cause. See *Commonwealth* v. *Gallant*, 453 Mass. 535, 540-541 (2009). Thus, the judge committed error in dismissing count two. See *Commonwealth* v. *Cheney*, 440 Mass. at 574-575.

2. *Reduction of the distribution count.*[4] There is no question that a defendant may offer a plea of guilty or admit to sufficient facts (where not prohibited by statute), to any crime with which he has been charged by indictment or complaint, regardless of whether the prosecutor agrees, and the judge may accept such plea or admission. See *Commonwealth* v. *Gordon*, 410 Mass. at 502 n.4; *Commonwealth* v. *Pyles*, 423 Mass. at 722-723; *Commonwealth* v. *Powell*, 453 Mass. at 327. It is, however, as already discussed above, exclusively within the power of the executive branch to determine "whom and what crimes to prosecute." *Commonwealth* v. *Cheney*, 440 Mass. at 575. See *Commonwealth* v. *Gordon, supra* at 500-501. Thus, there is no conceptual distinction between a judge's decision, over the objection of the Commonwealth, to accept a plea to a lesser included offense and a judge's attempt to dismiss a valid complaint or indictment, because in each instance the judge's action intrudes on the executive branch's authority to decide what crimes to prosecute. See *Commonwealth* v. *Gordon*, 410 Mass. at 498, 500, 503; *Commonwealth* v. *Cheney*, 440 Mass. at 574-575; *Commonwealth* v. *Green*, 52 Mass. App. Ct. 98, 101 (2001).

Here, the judge exceeded his authority when he accepted a plea to a lesser included offense over the Commonwealth's objection, because by doing so, he intruded on the function of the prosecutor, which is to decide what crime to prosecute. Reducing the charge had the effect of nol prossing or dismissing the distribution charge, an act reserved exclusively to the executive branch.

---

[4]The Commonwealth did not file a motion to stay the sentence pending appeal. The defendant contends that the Commonwealth's inaction renders the appeal on this issue moot, citing *Commonwealth* v. *Resende*, 427 Mass. 1005, 1006 (1998). In *Resende*, the court ruled that the appeal was moot because the defendant had already served his sentences and the cases had been dismissed. That decision cited *Commonwealth* v. *Gomes*, 419 Mass. 630, 631 n.2 (1995), in which the court also dismissed the defendant's appeal because the defendant had already served the sentence that was imposed. But see *Keane* v. *Commonwealth*, 439 Mass. 1002, 1002 (2003).

Here, the defendant's probationary sentence was to expire on February 19, 2009. There is nothing in the record to suggest, and we have not received any information, that the sentence has been executed and the case has been dismissed. Therefore, we reject the defendant's argument of a procedural bar to our consideration of this issue.

*Commonwealth* v. *Vascovitch,* 40 Mass. App. Ct. 62, 63-64 (1996).

The defendant claims, however, that the reduction of a charge is allowed by G. L. c. 278, § 18. The relevant portion of the statute reads as follows:

> "A defendant who is before . . . a district court . . . shall plead not guilty or guilty, or with the consent of the court, nolo contendere. Such plea of guilty shall be submitted by the defendant and acted upon by the court; provided, however, that a defendant with whom the commonwealth cannot reach agreement for a recommended disposition shall be allowed to tender a plea of guilty together with a request for a specific disposition. Such request may include any disposition or dispositional terms within the court's jurisdiction, including, unless otherwise prohibited by law, a dispositional request that a guilty finding not be entered, but rather the case be continued without a finding to a specific date thereupon to be dismissed, such continuance conditioned upon compliance with specific terms and conditions . . . ."

G. L. c. 278, § 18, as appearing in St. 1992, c. 379, § 193.

According to the defendant, a request to reduce a charge to a lesser included offense constitutes a "disposition" or a "dispositional" request. We disagree with the defendant's interpretation of those terms as encompassing a request to reduce the charge to a lesser included offense. Rather, we hold that the word "disposition" refers to the sentence or punishment imposed in a criminal charge. See, e.g., G. L. c. 258B, § 1, inserted by St. 1983, c. 694, § 2, where the Legislature defined "disposition" with respect to victim's rights as "the sentencing or determination of penalty or punishment to be imposed upon a person convicted of a crime or found delinquent or against whom a finding of sufficient facts for conviction or finding of delinquency is made."

Accordingly, pursuant to G. L. c. 278, § 18, a defendant may properly put before a judge any lawful recommendation relating to a sentence or punishment that he or she deems appropriate. The statute does not, however, entitle the defendant to request that punishment be imposed on a different criminal charge,

such as a lesser included offense, over the objection of the Commonwealth.[5]

For the foregoing reasons, the order accepting the defendant's admission to sufficient facts on the charge of possession of marijuana, and the order dismissing the school zone violation, are vacated. The case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[5]See *Commonwealth* v. *Gilbert*, 447 Mass. 161, 168-169 & n.10 (2006), for instances where trial judges are permitted to reduce a verdict over the objection of the Commonwealth.