NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-429                                          Appeals Court

COMMONWEALTH  vs.  HENRY JOHNSON.

No. 16-P-429.

Bristol.     April 10, 2018. - September 14, 2018.

Present:  Agnes, Massing, & Neyman, JJ.


Due Process of Law, Probation revocation, Hearing.  Practice,
    Criminal, Probation, Revocation of probation, Stipulation,
    Waiver, Assistance of counsel.  Waiver.



Indictments found and returned in the Superior Court
Department on October 19, 2011.

A proceeding for revocation of probation was heard by Renee
P. Dupuis, J., and a motion to withdraw a stipulation was also
heard by her.


Xiomara M. Hernandez for the defendant.
Tara L. Johnston, Assistant District Attorney, for the
Commonwealth.


AGNES, J.  In Commonwealth v. Sayyid, 86 Mass. App. Ct.
479, 489 (2014), this court held that in order for an admission
to a violation of probation and a waiver of the right to a
revocation hearing to be valid, the record must demonstrate

that, in the totality of the circumstances, the defendant's decision was made knowingly and voluntarily. The question before us is whether the judge was correct in denying the defendant's motion to withdraw his admission to violations of his probation based on his claim that he was misinformed by his attorney about the potential maximum sentence that the judge would impose if the judge revoked his probation. For the reasons that follow, we agree with the judge that the defendant's admission and his waiver of the right to a probation violation hearing were made knowingly and voluntarily. Accordingly, we affirm.

Background. 1. The defendant's guilty pleas. On December 20, 2013, the defendant pleaded guilty to indictments charging as follows: one count of rape of a child, three counts of indecent assault and battery on a child under the age of fourteen, and one count of dissemination of obscene matter to a minor. He was sentenced to concurrent terms of from three years to three years and one day in State prison on two of the counts of indecent assault and battery, and two years of probation on the remaining three counts, including the charge of rape of a child, to be served upon release from State prison. The terms of the defendant's probation required that he wear a global positioning system (GPS) monitoring device, attend and successfully complete sex offender counselling, report to a

probation officer, stay away from the victim, register as a sex offender, and have no unsupervised contact with children under the age of sixteen.

Briefly, the facts underlying the charges to which the defendant pleaded guilty are that in 2010, the victim, a child under the age of fourteen, disclosed to her maternal grandmother that on diverse dates when she was between the ages of five and eight the defendant, her mother's then live-in boy friend, sexually assaulted her. Among other things, the victim disclosed that the defendant put his fingers in her vagina and forced her to put his penis in her mouth.

2. Final probation violation hearing. Upon his release from State prison on September 16, 2014, the defendant began his two-year period of probation. Because he wished to reside with his mother in New Bedford, supervision of his probation was transferred from Suffolk County to Bristol County. A notice of violation of probation and an arrest warrant issued on October 9, 2014, because the defendant had failed to report to his probation officer, was not residing at the address he had provided to the probation department and the Sex Offender Registry Board, had failed to attend an outpatient sex offender treatment program, and had removed his GPS monitoring bracelet. Additionally, after the defendant was released from prison, the victim saw him in the same store where she was shopping with her

grandmother. The victim informed her grandmother, who in turn telephoned the police. The defendant was brought in on the arrest warrant on October 13, 2014, and appeared before the Superior Court on October 15.

A final probation violation hearing was scheduled for January 5, 2015. On that day, the parties were ready for the hearing. At the request of defense counsel, there was a sidebar conference attended by the defendant's counsel, the prosecutor who had represented the Commonwealth at the defendant's change of plea, a probation officer, and the judge. The defendant was present in the court room, but did not hear the conference. Defense counsel indicated that her client was prepared to accept an additional one year of incarceration to resolve the case, but stated, "I discussed with him a two to three in order to dispose of it being more in line with the allegations . . . ." The Commonwealth sought an eight- to ten-year sentence. The judge informed the parties that she needed more information, and that before making a decision she wanted an aid in sentencing evaluation. She further stated that the defendant's sentence "could run the gamut from some period of incarceration to reprobating again." The sidebar concluded with defense counsel informing the judge that the defendant was "prepared to stipulate to the alleged facts, concede to sufficient facts to find him in violation of probation."

After the sidebar conference, the judge informed the defendant on the record that he was alleged to have violated the terms and conditions of his probation. She then informed the defendant that he was entitled to have his attorney represent him at an evidentiary hearing to determine whether he was in violation of his probation. The defendant said he understood. He was then asked by the judge whether he wanted to waive his right to an evidentiary hearing and to stipulate to the probation violations. The defendant responded in the affirmative. The defendant then verbally agreed with the facts in support of each alleged probation violation and waived his right to a probation violation hearing. The defendant was not asked to sign a written form acknowledging that he understood the implications of stipulating to a probation violation and waiving his right to a hearing. Nor was the defendant informed that no agreements had been reached about whether the judge would revoke his probation and, if she did, what sentence would be imposed.

3. Dispositional hearing.[1] On February 13, 2015, the dispositional hearing took place. Once again, the judge,

---

[1] Under § 6(B) of the Guidelines for Probation Violation Proceedings in the Superior Court, Mass. Rules of Court, at 1013 (Thomson Reuters 2018), a final probation violation hearing consists of two parts: "(1) an evidentiary hearing to adjudicate whether the alleged violation has occurred; and (2) upon a finding of violation, a dispositional hearing."

defense counsel, the prosecutor, and the probation officer had a recorded sidebar conference. By this time, the judge had received two aid in sentencing reports from Bridgewater State Hospital. Counsel had an opportunity to review the reports. The judge invited counsel to make recommendations as to the disposition that she should make. The prosecutor explained the reasons for her earlier recommendation, but added that she would be satisfied with an alternative recommendation of five years in State prison. Defense counsel indicated that her client would prefer reprobation with different terms and conditions, but in the alternative she would recommend a sentence of from three years to three and one-half years in State prison. The judge took the matter under advisement during the lunch recess.

The case was called again later that same day.[2] The probation officer made a recommendation of from three to five years in State prison. The judge announced her sentence as follows: "[I]n consideration of the violation on the underlying offense, on all three charges I'm going to sentence him to three to six. He's not an appropriate candidate for probation. He

_____

[2] There is no indication in the transcript that when the case was called the second time there was a sidebar conference, and we assume the hearing was in open court in the presence of the defendant.

should have some parole interaction when he's released."[3] The sentences were to be served concurrently. Neither the defendant nor his counsel raised an objection based on the judge having exceeded the maximum sentence that the defendant later alleged she had assured defense counsel she would not exceed.

4. <u>Hearing on motion to withdraw admission</u>. On June 3, 2016, represented by a new attorney, the defendant filed a motion to withdraw his admission to the probation violations. The factual basis for the motion was the defendant's allegation, set forth in his affidavit, that his prior attorney informed him that during the sidebar conference held on January 5, 2015, the judge stated that if the defendant admitted to the violations, she would not impose a sentence in excess of three years in State prison. By the date of the hearing on January 18, 2017, successor counsel had obtained an affidavit from the defendant's prior counsel. In that affidavit, prior counsel states in pertinent part her recollection that during the sidebar conference held on January 5, 2015, the judge said "she would [not] go over a set number," and "[t]he number was lower than that which was imposed but there were no guarantees made to the defendant." When at the hearing the judge pointed out that prior counsel's affidavit was not supported by the transcript of

---

[3] The judge thereafter corrected the sentence on the charge of disseminating obscene material to a minor to from three to five years in State prison.

the sidebar conference, successor counsel agreed, and argued that the defendant did not hear the sidebar conference. Rather, the defendant's misunderstanding resulted from his attorney giving him incorrect information. The prosecutor responded by arguing that even if the defendant was misled about the maximum sentence the judge would impose for the violation of probation, he was not prejudiced because he had no defenses to the alleged probation violations.

Discussion. A defendant's agreement to waive a probation violation hearing by admitting to the alleged violations of probation and waiving the right to a hearing is valid only if it is made knowingly and voluntarily in light of the totality of the circumstances. Sayyid, 86 Mass. App. Ct. at 489. See § 6(B) of the Guidelines for Probation Violation Proceedings in the Superior Court, Mass. Rules of Court, at 1013 (Thomson Reuters 2018) ("The court may accept a probationer's stipulation to a violation of probation as alleged in the Notice of Surrender if the judge finds after colloquy that the probationer is tendering a knowing and voluntary stipulation"). See also Rule 6(g) of the District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Rules of Court, at 648 (Thomson Reuters 2018) ("The court may accept an admission to an alleged probation violation and a waiver of the right to a violation hearing only upon a determination that the admission and waiver

have been made knowingly and voluntarily").[4]  There is no requirement that an admission or a stipulation to violations of probation and a waiver of the right to a violation hearing be in writing, but judges are authorized to require it.[5]

The essential factual underpinning of the defendant's motion to withdraw his stipulation is that his attorney at the probation violation hearing misinformed him about the sentence the judge would impose if the defendant admitted to the violations.  However, the judge did not credit the defendant's affidavit, and thus there is no basis for his claim that his admission was not knowing and voluntary.  See Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997) ("The credibility, weight, and impact of the affidavits in support of [a] motion are entirely within the [motion] judge's discretion").

Moreover, as the judge reasoned, even assuming that defense counsel gave the defendant incorrect advice about what sentence the judge would impose if the defendant admitted to the

---

[4] Compare Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015) (governing manner in which stipulations of fact agreed to by parties before or during trial are to be memorialized and used at trial); Mass. G. Evid. § 611(g) (2018) (explaining use of stipulations in pending civil and criminal cases).

[5] The District and Municipal Court departments have developed an approved form that is available to all judges, which memorializes the defendant's admission and waiver of the right to a final hearing.  See Commentary to Rule 6(g) of the District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Rules of Court, supra at 650.  This form is contained in the Appendix to this opinion.

violations, the defendant cannot satisfy the requirements for establishing an ineffective assistance of counsel claim.  To make out such a claim, the defendant first must demonstrate there was a "serious incompetency . . . falling measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), and, second, that counsel's deficient performance likely deprived the defendant of an otherwise available, substantial ground of defense.  Id.  Here, the defendant's claim of ineffective assistance fails because there is no evidence that he was prejudiced by the waiver of a probation violation hearing.  There is nothing in the record or the defendant's brief indicating that he had a defense to the charges that he cut off his GPS bracelet, failed to report to probation, failed to live at the stated address, and failed to participate in sex offender treatment.  The defendant also did not explain how he could have expected a different outcome had he been granted a hearing.  See, e.g., Commonwealth v. Bowen, 92 Mass. App. Ct. 793, 799 (2018) ("Where the defendant offers no viable defense to the probation violations, he cannot demonstrate that the factual stipulations, even if prompted by reliance on allegedly unreasonable assurances of a sentence capped at from five to six years in State prison, likely deprived him of an otherwise available, substantial ground of defense").

We take this occasion to commend the judge for the manner in which she conducted the probation violation and dispositional hearings. The record before us indicates that the two sidebar conferences were on the record. See Murphy v. Boston Herald, Inc., 449 Mass. 42, 57 n.15 (2007). See also Commonwealth v. Fanelli, 412 Mass. 497, 501 (1992). In her discussions with the prosecutor, defense counsel, and the probation officer, the judge was careful not to condition any stipulation by the defendant to the probation violations on any proposed disposition, whether it was the recommendation of the prosecutor or the probation officer. See § 6(B) of the Guidelines for Probation Violation Proceedings in the Superior Court, Mass. Rules of Court, supra at 1013 ("[T]he court shall not be bound by any agreement between the probationer and probation officer or District Attorney regarding the disposition to be imposed").[6]

---

[6] The same principle applies in probation violation proceedings in the District Court and Boston Municipal Court departments. See Commentary to Rule 6(g) of the District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Rules of Court, supra at 650, which provides in pertinent part:

"Section (g) also provides that, unlike a guilty plea or admission to sufficient facts to a criminal charge, an admission to a probation violation may not be accompanied by conditions which, if not accepted by the court, would allow the probationer to withdraw the admission. In other words, there is no equivalency to the 'defendant-capped plea' which can be tendered in the context of a criminal proceeding. The court may allow a probationer to withdraw a probation violation admission based on the court's

Furthermore, the judge confined herself to identifying the
information she needed to make an informed disposition and to
listening to the recommendations made by the parties, the
factual basis for the defendant's earlier pleas of guilty, and
the general nature of the alleged violations.  The record
indicates that "the bare fact of the communication to the judge
of the sentencing alternatives . . . discussed by counsel,"
Commonwealth v. Damiano, 14 Mass. App. Ct. 615, 619-620 (1982),
did not coerce the defendant into admitting to the violations
and waiving his right to a hearing.  The judge did not
participate in the sidebar conferences as an "active
negotiator[]" with regard to the ultimate disposition of the
case.  Commonwealth v. Gordon, 410 Mass. 498, 501 n.3 (1991).
Cf. id. (restricting judicial involvement in plea negotiations).
Finally, the judge followed the preferred practice of conducting

---

intended disposition as a matter of its discretion.  The
probationer may not withdraw an admission as a matter of
right once an admission is submitted and accepted by the
court. . . .

"The prohibition in section (g) against 'conditioned'
probation violation admissions also precludes admissions
conditioned by proposed dispositions 'agreed to' by the
probation department or by a prosecutor.  Such an agreement
does not bind the court or permit the withdrawal of the
admission if the court's disposition is other than that
'agreed upon' by a probation officer or prosecutor.  The
court may consult with probation regarding the disposition
after finding a probation violation.  See Rule 8(d).  But
for probation violation admissions there is no equivalent
to the tender of criminal guilty pleas which may include
dispositional terms agreed to by the prosecution."

a colloquy with the defendant in which she fairly and meticulously secured the defendant's agreement to the factual basis for each of the alleged violations prior to accepting his admission and his waiver of the right to a hearing.[7]

Accordingly, the order revoking probation and imposing sentence is affirmed.  The order denying the defendant's motion to withdraw his stipulation to probation violations also is affirmed.

<u>So ordered.</u>

---

[7] There are, of course, many sound reasons why a judge may elect to conduct a sidebar conference with the prosecutor, defense counsel, and the probation officer, but without the defendant, including security issues that arise when, as in this case, the defendant is in custody.  In light of the defendant's allegations that he was misinformed about the contents of the sidebar conference, it is advisable that in such cases the judge's colloquy include a statement that no decision has been made about the disposition of the case and, if the defendant admits to one or more of the alleged violations, the judge reserves the right not only to allow the defendant to remain on probation, but to revoke the defendant's probation and to impose any sentence permitted by law.

| PROBATION VIOLATION HEARING ADMISSION TO VIOLATION AND WAIVER OF HEARING | DOCKET NO(s) | Trial Court of Massachusetts District Court Department |
|---|---|---|
| PROBATIONER'S NAME & ADDRESS | PCF NO. | COURT NAME |

**PROBATIONER'S ADMISSION AND WAIVER**

I, the undersigned probationer, understand and acknowledge that I am voluntarily and knowingly giving up my right to a hearing before a judge on the issue of whether I have violated the terms and conditions of my probation.

I have received written notice of the probation violation(s) that have been alleged. I have been notified of my right to request court-appointed counsel if I am determined to be indigent, or the right to retain private counsel.

I understand that I have the right to present witnesses and evidence in my own behalf at the Probation Violation Hearing and have the right to confront and cross-examine witnesses against me. I understand that, absent my admission and waiver, the Probation Department would have the burden of proving by a preponderance of the evidence that I violated a condition of my probation.

My admission and waiver of a Probation Violation Hearing is a free and voluntary act on my part and is not the result of force, threats, or intimidation. It is not the result of any promise or assurance as to the disposition that might be made should a violation be found.

I understand that my admission and waiver are not subject to any condition regarding the disposition in these proceedings. I understand that I will not be entitled to withdraw my waiver and admission once it is accepted by the judge.

I am not now under the influence of alcohol, drugs, medications, or any other substance that might impair my ability to fully understand the legal rights that I am waiving by giving up my right to an evidentiary hearing on whether I have committed a violation of a condition of probation and by admitting that I have committed a violation of a condition of probation, nor do I have a mental or physical condition that might cause such impairment.

| DATE | SIGNATURE OF PROBATIONER |
|---|---|
| | **X** |