COMMONWEALTH *vs.* REGINALD H. BINNETTE. November 30, 1966. The defendant was charged in a complaint in a District Court with delinquency in that on or about October 31, 1965, he "did assault and beat A. Kevin Trainor by means of a dangerous weapon, to wit, a razor." After an adjudication of delinquency, the defendant appealed to the Superior Court (see G. L. c. 119, § 56) where the case was tried subject to the provisions of G. L. c. 278, §§ 33A–33G. In that court the jury returned a verdict of guilty and the defendant was adjudicated a delinquent and committed to the Youth Service Board. The defendant appealed. Three assignments of error arise from his exceptions to the denial of his motion for a directed verdict on the Commonwealth's opening (assignment No. 1), to the denial of such a motion at the close of the Commonwealth's case (assignment No. 4), and to the denial of such a motion at the close of the case (assignment No. 5). The first assignment need not detain us, for "[a] judge cannot be required to direct a verdict on an opening." *Perry* v. *Carter*, 332 Mass. 508, 509. *Mallard* v. *Waldman*, 340 Mass. 288, 290. Assignments 4 and 5 present substantially the same question and will be considered together. The judge rightly denied the motions for a directed verdict. The evidence need not be recited. The evidence introduced by the Commonwealth clearly warranted a finding that the defendant, without legal justification, assaulted Trainor with a dangerous weapon (a razor) and inflicted serious wounds on his face. The defendant introduced evidence tending to show that he was acting in self-defence. But the jury could disbelieve this evidence; or, if they found that the defendant was acting to protect himself, they could have concluded that he used means that were not reasonably necessary. See *Commonwealth* v. *Peterson*, 257 Mass. 473, 478; *Commonwealth* v. *Kendrick*, *ante*, 203, 211–212. The only other assignment argued (No. 2) reveals no error. The testimony of Officer Tyler that as a consequence of conversations with the victim and his three companions, he "went and looked for . . . [the] defendant" was properly admitted. *Commonwealth* v. *Moulton*, 4 Gray, 39. *Commonwealth* v. *Feci*, 235 Mass. 562, 567. *Commonwealth* v. *Agiasottelis*, 336 Mass. 12, 14.

*Judgment affirmed.*

*Sumner H. Smith* for the defendant.

*Jason C. Primack*, Assistant District Attorney, for the Commonwealth.