MURRAY L. ROSENBERG vs. COMMONWEALTH.

Suffolk.   November 5, 1976. — February 23, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Practice, Criminal,* Dismissal.  *Supreme Judicial Court,* Superintendence of inferior courts.

This court declined to exercise its supervisory power under G. L. c. 211, § 3, where regular appellate review of an order of a Superior Court judge was available to a defendant in a criminal case. [61-62]

When a judge concludes that the "interests of public justice" require dismissal of a misdemeanor complaint or indictment, and the Commonwealth objects, he should record the findings of fact and the reasons for his decision and report the case for appellate review under G. L. c. 278, § 30A. [62]

Where dismissal of a misdemeanor complaint or indictment prior to trial is requested because of the claimed insufficiency of evidence of guilt, it cannot be ordered unless the Commonwealth agrees to join in the affidavit procedure outlined in *Commonwealth* v. *Brandano,* 359 Mass. 332 (1971), or in a stipulation of the facts. [62-63]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on June 4, 1975.

The case was reserved and reported by *Reardon,* J.

*Efrem A. Gordon* for the petitioner.

*William W. Teahan, Jr.,* Special Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.  The petitioner (hereinafter called the defendant), by a petition filed in the county court, seeks relief under G. L. c. 211, § 3, the statute concerned with the general superintendence power of this court. A single justice of this court reserved and reported the matter without decision to the full court.

The only issue argued before us, and as to which the defendant seeks relief, relates to the order of a judge of the Superior Court, by which the judge vacated a previous

order of his which had dismissed a complaint and an indictment against the defendant.

The defendant was tried and convicted in the District Court of Springfield on a complaint, alleging attempted larceny over $100 and sentenced to three months in a house of correction on February 15, 1973. He appealed this conviction to the Superior Court. During the pendency of his appeal, the grand jury for Hampden County returned an indictment during the May, 1974, session, charging the defendant with concealment of personal property, knowing it to be leased, with intent to defraud, G. L. c. 266, § 86.

On July 15, 1974, the defendant filed in the Superior Court separate motions to dismiss the indictment and the complaint in accordance with the procedure authorized by this court in *Commonwealth* v. *Brandano*, 359 Mass. 332 (1971), and *Commonwealth* v. *Hare*, 361 Mass. 263 (1972). In support of his motions, the defendant filed an affidavit and amended affidavits, and the Commonwealth filed a counter affidavit.[1] After hearing both parties on this matter, a Superior Court judge entered a memorandum and order on December 18, 1974, dismissing all charges against the defendant. The judge found that the interests of justice required dismissal of the indictment and the complaint prior to trial because "[o]n the basis of all the facts that are presently known and that the Commonwealth is prepared to prove, the defendant would be entitled to a directed verdict at the close of the commonwealth's case."

On May 12, 1975, following a hearing at the Commonwealth's request, the judge issued a "Memorandum and

---

[1] These affidavits were filed by the parties pursuant to the following order entered by a judge of the Superior Court on October 7, 1974: "[I]t is ordered: (1) the motion to dismiss is referred to the trial justice. (2) If the defendant wishes to press his motion to dismiss he shall, on or before October 11, 1974, file an affidavit containing all the facts and the law relied upon by him in justification of a dismissal, and provide a copy of that affidavit to the district attorney. (3) The Commonwealth may file a counter affidavit on or before October 18, 1974, providing a copy thereof to counsel for the defendant, and shall bring the matter to the attention of the justice presiding at the first criminal session on that date for such further action as may then appear appropriate."

Order Revoking Order of Dismissal" of the complaint and the indictment on the ground that since the two crimes charged were misdemeanors the Commonwealth would not be entitled to appeal from the dismissal pursuant to G. L. c. 278, § 28E. The defendant duly excepted to the memorandum and order. In this court he seeks a judgment of dismissal of both the indictment and the complaint.

We conclude that relief is to be denied and that there must be further proceedings in the Superior Court.[2] Our powers under G. L. c. 211, § 3, are to be sparingly exercised. *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971). Our general supervisory power should rarely be used when some other practical remedy is available. *Whitmarsh* v. *Commonwealth,* 366 Mass. 212 (1974), appeal dismissed, 421 U.S. 957 (1975). In the instant cases, the defendant's rights, including any claim of error which he asserts by reason of the judge's order vacating the dismissal, may be fully protected through regular appellate review. There is in these cases no possibility of irremediable harm arising by reason of any failure to grant interlocutory relief. Compare *Gilday, supra,* with *Corey* v. *Commonwealth,* 364 Mass. 137 (1973), and *Myers* v. *Commonwealth,* 363 Mass. 843 (1973). See *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35 (1975); *Barber* v. *Commonwealth,* 353 Mass. 236 (1967).

More particularly, we decline to grant relief under G. L. c. 211, § 3, because it is clear that the judge's original order of dismissal was predicated on his belief that the Commonwealth would have a right to appeal his order under G. L. c. 278, § 28E. Clearly the judge, in dismissing the complaint and the indictment, intended to act under the procedures established in *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971). That case specifically states that dismissal under the procedures outlined therein should

---

[2] We do not include in this opinion a recitation of the facts asserted in the affidavits and counter affidavits, and which the judge had originally concluded were insufficient to support an inference of guilt. The issue of the correctness of the judge's conclusion as to the merits of the cases has not been briefed or argued, and is not before us.

provide a basis for an appeal by the Commonwealth. It is clear also that the judge vacated the order of dismissal only after he was informed that no appeal was available to the Commonwealth under G. L. c. 278, § 28E, since the cases here are concerned with misdemeanors and that statute provides appellate rights to the Commonwealth only in felony cases.

Finally, we comment on the defendant's contention that there is inequity in the fact that, for lack of appellate rights in the Commonwealth, the *Brandano* type of procedure may not be invoked in favor of a defendant accused of a misdemeanor. Therefore, we add, for the guidance of judges who might wish to invoke proceedings analogous to *Brandano* in misdemeanor cases, that we consider it appropriate that they report any order for the dismissal of such a case for appellate review under G. L. c. 278, § 30A.[3] To avoid the serious constitutional question as to the judge's power, discussed in the *Brandano* case, *supra,* if he concludes that the "interests of public justice" require dismissal, and the Commonwealth objects and requests that the case be reported, he must record the findings of fact and the reasons for his reporting the case. We do not preclude the possibility of such a report in the instant cases, in the discretion of a judge of the Superior Court, and provided there is assent and cooperation from the prosecution.[4]

We emphasize that invoking the procedure rests in the discretion of the judge. No language in *Brandano* or in *Commonwealth* v. *Hare,* 361 Mass. 263 (1972), establishes new pre-trial rights in the defendants. Compare the rule that a judge cannot be required to direct a verdict on an opening by the prosecutor in a criminal case. *Common-*

---

[3] Presumably, and for obvious reasons, the judge should also order a stay of judgment on the order of dismissal, pending appellate decision on the report.

[4] Even though it might be otherwise economical for us to reach the merits of the dismissal issue at this time, we cannot do so because that issue has not been addressed in the briefs or arguments.

*wealth* v. *Binnette*, 351 Mass. 704 (1966). *Commonwealth* v. *Hartford*, 346 Mass. 482, 489 (1963). Further, it is obvious that, in a case like the instant cases where dismissal is requested because of the claimed insufficiency of the evidence of guilt,[5] it cannot be ordered unless the Commonwealth agrees to join in the affidavit procedure or in a stipulation of the facts. A pre-trial order or judgment of dismissal for the claimed insufficiency of the Commonwealth's evidence cannot be sustained in any case where the Commonwealth failed or refused to stipulate that the appellate record contains a statement of all the Commonwealth's contemplated evidence. To hold otherwise would, in some cases, deny to the prosecution its privilege to establish evidence of guilt by compelling testimony at the trial from witnesses who were not cooperative prior to trial. There undoubtedly will be cases where all the circumstances, including the mutual interest of the prosecutor and the defendant in avoiding a lengthy trial, will recommend to all the use of the *Brandano* type of procedure. Possible avoidance of the defendant's ordeal in participating in what may be an unnecessary trial is a compelling consideration; not the least consideration is the possible avoidance of substantial and unnecessary public expense.

The case is remanded to the county court, where a judg-

---

[5] Compare the facts of *Brandano,* where the dismissal was entered by a judge over the Commonwealth's objection at the close of a lengthy period of continuance previously ordered by another judge, with the defendant under supervision of a probation officer during the period of continuance. The Commonwealth appealed the dismissal under G. L. c. 278, § 28E. The issue as to the sufficiency of the evidence of guilt was not raised. We take notice that some judges have, with no objection offered by the Commonwealth, customarily dismissed indictments or complaints after a lengthy "continuance without a finding" and a later showing that the defendant has been on good behavior during the period of continuance. Undoubtedly in some cases the best interests of the public and the defendant might well be served by such disposition. However, in *Brandano* we stressed that such decisions should not be made by the judge over the objection of the Commonwealth in the absence of an adversary proceeding. *Id.* at 335-336. The procedure at issue in the instant case was outlined in *Brandano* in recognition of the "power of the courts to act in appropriate cases," but subject to appellate review. *Id.* at 337.

ment is to be entered denying the petition. Further proceedings consistent with this opinion are to be had in the Superior Court.

*So ordered.*