Brassard, J.
The defendant, Roger LeBlanc, is charged in three indictments with violations of a 209A restraining order. On February 4, 1997, the case was before the court for hearing on the defendant’s motion to dismiss. In support of his motion, the defendant argues that no evidence was presented to the members of the grand jury that he was served with the permanent 209A restraining order and, thus, the grand jury lacked sufficient evidence to indict him. The defendant also argues that any effort to prosecute him for these violations without service of the permanent order violates his due process rights under the federal and state constitutions.
For the reasons which follow, the defendant’s motion to dismiss is denied. The indictments axe dismissed with prejudice pursuant to Rule 13(c)(2) of the Massachusetts Rules of Criminal Procedure.
BACKGROUND
The grand jury was presented with testimony that on May 18, 1995, the Lowell District Court issued an ex parte restraining order pursuant to Chapter 209A, §4 which expired at 4:00 p.m. on June 2, 1995. The order prohibited the defendant from contacting or abusing his wife, Donna LeBlanc. The defendant was served with a copy of the ex parte order on May 22, 1995 at the Billerica House of Corrections where he was then incarcerated. The defendant failed to appear for the hearing on June 2, 1995 and the court extended the initial order until May 17, 1996. A copy of the permanent order was put on file with the Lowell Police Department.
In the first indictment, the defendant is charged with having violated the permanent restraining order by telephoning his wife on February 25, 1996 upon his release from Billerica. The second indictment alleges that the defendant violated the order by contacting Ms. LeBlanc on February 28, 1996. Mr. LeBlanc was arrested for making these contacts and arraigned in Lowell District Court on February 28, 1996. Mr. LeBlanc was released that same day and he then returned to his wife’s home. He was arrested the following day and charged with another violation of the permanent restraining order.
In the presentment of the three indictments the grand jury was given a copy of the restraining order which evidenced the May 22, 1995 service upon the defendant. In addition, as to indictments 96-469-002 and 003, Officer Dennis Moriarty testified that the order he acted upon on February 28, 1996 and March 1,1996 had been served upon the defendant. However, the defendant was never served- with a copy of the permanent restraining order and the order itself indicates that the service to which Officer Moriarly referred was the preliminary order served on May 22, 1995.
At the invitation of the court, the parties have entered into the following stipulation of facts:
*444 1) The only c. 209A restraining order which was served upon Roger LeBlanc was the order which was issued on May 18, 1995 and which was served upon Roger LeBlanc on May 22, 1995.
2) The extension of the May 18, 1995 restraining order which was ordered by the Court on June 2, 1995 was not served upon Roger LeBlanc.
The facts of this case manifest the complexities that exist in potentially volatile domestic relationships. During the period at issue in these indictments, each time the defendant arrived at Ms. LeBlanc’s home, he was let in by Ms. LeBlanc and allowed to remain. Ms. LeBlanc did not contact the police when the defendant did so. Despite this apparent acceptance of Mr. LeBlanc’s presence in her home, however, Ms. LeBlanc did not seek to vacate the permanent restraining order. The couple was divorced in 1996.
DISCUSSION
Generally, “a court will not inquire into the competency or sufficiency of the evidence before the grand juiy.” Commonwealth v. Galvin, 323 Mass. 205, 211-12 (1948). However, “at the very least, the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him.” Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). Probable cause exists where the facts and circumstances within an officer’s knowledge and of which he or she had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense had been or is being committed. Commonwealth v. Hason, 387 Mass. 169, 174 (1982), citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949).
The defendant argues that the grand jury presentment lacked probable cause to indict him for violating the permanent restraining order where, on its face, the order demonstrated that he had not been properly served. The defendant argues that the statute requires that whenever an order is issued pursuant to Chapter 209A, the defendant must be served. The defendant contends that if a defendant was not served with the permanent order, the order cannot be the grounds, for arrest or criminal prosecution. The Commonwealth argues that the statute does not require that the defendant be served with a permanent restraining order if that order is an extension of a temporary restraining order for which the defendant did receive notice.
CHAPTER 209A SERVICE REQUIREMENT
On a complaint charging a defendant with violating a 209A order, the Commonwealth must prove that “there was a clear, outstanding order of the court, that the defendant knew of that order, and that the defendant clearly and intentionally disobeyed that order in circumstances in which he was able to obey.” Commonwealth v. O’Shea, 41 Mass.App.Ct. 115, 118 (1996). Section 7 of Chapter 209A provides that:
Whenever the court orders under . . . sections three, four and five of this chapter... the defendant ... to have no contact with the plaintiff. . . the . . . clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the appropriate law enforcement agency which, unless otherwise ordered by the court, shall serve one copy of each order upon the defendant. . . (emphasis added)
The plain words of this statutoiy provision require that each order entered under Sections 3, 4 and 5 of Chapter 209A must be served upon the defendant. The Section 7 requirement of service applies even though the temporary order was extended pursuant to Section 4 because of the defendant’s failure to appear. Therefore, the statute requires service whenever an order is issued restraining an individual's liberty under Chapter 209A.
The Commonwealth argues that notwithstanding the service requirement expressed in Section 7, a defendant waives the right to renewed service when he or she is properly served with the ex parte order and chooses not to appear at the renewal hearing. Section 4 of Chapter 209A provides that if the defendant does not appear at the subsequent hearing, the temporary order “shall continue in effect without further order of the court.” The Commonwealth argues that this language overrides the language in Section 7 and eliminates the requirement for any new service or notice to the defendant. The Commonwealth argues that since the original order served on the defendant notified him that the order could be extended for up to one year, he had notice of the potential renewal and his failure to appear at the renewal hearing waived his right to service of the permanent order. However, neither the language of the statute, the Guidelines cited by the Commonwealth, nor the fundamental principles of due process which underlie the service provisions of Chapter 209A support this position.
In making its waiver argument, the Commonwealth relies, in large part, on the Guidelines for Judicial Practice: Abuse Prevention Proceedings, issued by the Administrative Office of the Trial Court in October of 1996. As explained in the forward, the Guidelines were issued to assist judges and court personnel in dealing with the sensitive and complex issues involving abuse prevention proceedings. The purpose of the Guidelines was twofold: “1) to promote the safety of those who seek abuse prevention orders and 2) to ensure the due process rights of those against whom these orders are sought.” Notwithstanding the Guidelines’ lack of legal weight, neither the text of the Guidelines themselves nor the accompanying commentary support the Commonwealth’s contention that service is not required.
The Commonwealth points to the commentary which follows Guideline 6:03 to support its argument that a defendant can waive the right to service. The *445 commentaiy states, in part, that “if the defendant is served with the ex parte order and fails to appear for the full hearing, the ‘permanent’ order will be valid, even if it is not served on the defendant.” The Commonwealth argues that the continued validity of the order in this context means that the order can be the basis of a criminal charge absent service. However, the commentaiy also states that “If the defendant is not before the court when a permanent order is issued, police service is required."
In addition, the text of Guideline 6:03 states that service of a “permanent order should be made in-hand by court personnel when the defendant is before the court for the full hearing or for any other purpose.” If the defendant fails to appear,
the order must be transmitted to the police for service in accordance with G.L.c. 209A, §7. The court should require such service (1) in-hand, if the terms of the ex parte order have been modified; and (2) either in-hand or by leaving a copy of the order at the defendant’s last and usual place of abode, if the terms of the ex parte order have not been changed.
Therefore, even under the Guidelines, the defendant was entitled to service of the permanent order.
The musings in the Guidelines’ commentary over the potential validity of the permanent order absent renewed service is not sufficient to overcome the clear meaning of Section 7 and Guideline 6:03. While the validity of the permanent restraining order as between the complainant and the defendant may continue without renewed service, the escalation of that order from a civil mechanism for restraint to a vehicle for arrest and criminal prosecution requires that the defendant be served.[1]
In addition, the safeguards provided in the statute must be adhered to in order to protect the due process rights of defendants subject to these orders. The protection afforded to victims of abuse through Chapter 209A is subject to the limitations of the due process requirements of the federal and state constitutions. Thus, even if the statute did not require service of the permanent order, the defendant is entitled to service to protect his/her rights to due process.
MOTION TO DISMISS
At the hearing on the defendant’s motion to dismiss, the Commonwealth argued that even if service is required to prosecute under the statute, it is not required to make an arrest under the statute. Since the grand jury only needed to make a determination of probable cause to indict, the Commonwealth argues that the issue of whether the defendant was served with the permanent order should be addressed at trial either in the form of a motion for a required finding of not guilty or thereafter on appeal.
This court is troubled by the restraints on a confined defendant’s liberly that would be authorized if this argument is accepted. However, at this stage of review, the Commonwealth’s argument has merit as applied to this case. For each indictment, the grand jury was given a copy of the restraining order which evidenced service upon the defendant on May 22, 1995. In addition, there was testimony from Officer Moriarty that the defendant had been served with the restraining order in the presentments of indictments 96-469-002 and 003. The restraining order and Officer Moriarty’s testimony provided the grand jury with the necessary probable cause to indict the defendant on those charges.[2]
There was also sufficient evidence before the grand juiy to make a probable cause determination that the defendant had actual or constructive notice of the permanent restraining order. Therefore, the defendant’s motion to dismiss the indictments is denied.
FINDINGS AND RULINGS PURSUANT TO RULE 13
While the indictments survive the level of scrutiny at the McCarthy stage, the Massachusetts Rules of Criminal Procedure do provide for the disposition of a defense prior to trial if the defense is capable of determination without trial. Mass.R.Crim.P. 13(c)(2); Commonwealth v. L.A.L. Corporation, 400 Mass. 737, 738 (1987). As a general rule, this court may not dismiss a legally valid criminal indictment prior to verdict without an evidentiary hearing over objection by the Commonwealth. Commonwealth v. Pelligrini, 414 Mass. 402, 404-07 (1993); Commonwealth v. Brandano, 359 Mass. 332, 337 (1971). However, the Supreme Judicial Court has recognized that “in a very limited sphere” a case may be dismissed by a judge. Brandano, 359 Mass. at 337.
When dismissal is proposed by a defendant or by the judge without consent of the Commonwealth, the defendant shall file an affidavit, and, as to matters contained in the affidavit which are in dispute, there shall be a hearing. Id. If the judge concludes that the interests of public justice require a dismissal, the judge shall record the findings of fact and the reasons for the decision. Id.; Commonwealth v. Thurston, 419 Mass. 101, 104 (1994).
In this case, the Commonwealth cannot meet its burden of persuasion on these indictments because it cannot show that the defendant was served with the permanent order. At the invitation of the court, the parties in this case stipulated that the defendant was never served with the permanent order. Where both parties have stipulated to the facts which are determinative concerning service upon this defendant, this court can determine the sufficiency of the Commonwealth’s evidence as it relates to these indictments consistent with Rule 13(c)(2). Pelligrini, 414 Mass. at 406; Rosenberg v. Commonwealth, 372 Mass. 59, 63 (1977).
*446 I find, based on the parties’ stipulation that the permanent restraining order issued on June 2, 1995 was not served on the defendant. Therefore, the Commonwealth cannot prove a required element of its case against this defendant. G.L.c. 209A §7. Therefore, the interests of justice require that this defendant and the public not be subjected to the time and expense of an unnecessary trial. Rosenberg, 372 Mass. at 63.
Therefore, indictments 96-469-001-003 are dismissed with prejudice.
ORDER
For the above reasons, it is hereby ORDERED that the defendant's motion to dismiss indictments 96-469-001/003 is DENIED. Pursuant to Rule 13(c)(2), the indictments are DISMISSED, with prejudice.

 It is noted that this is not a case where the court did not know the whereabouts of the defendant so as to somehow excuse the service requirement. The defendant was incarcerated at the Billerica House of Corrections when the ex parte and the permanent orders were issued. He was served with notice of the ex parte order but not the permanent order. Even when he appeared before the court on February 28, 1996, he was not served with the permanent order.

 Officer Moriarty’s testimony was not knowingly false or deceptive but rather based on a misinterpretation of the statutory service requirements of Section 7. Therefore, this court finds that there are no O’Dell implications with these indictments, see Commonwealth v. O’Dell, 392 Mass. 445 (1984).