## Commonwealth *vs.* Daniel E. Quispe.

Suffolk. January 12, 2001. - March 16, 2001.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Sosman, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Motor Vehicle,* Operating under the influence. *Practice, Criminal,* Dismissal. *Judge. Constitutional Law,* Separation of powers.

This court undertook to review an order of a District Court judge under its general superintendence powers, G. L. c. 211, § 3. [510]

A District Court judge's pretrial dismissal of a charge of operating a motor vehicle while under the influence of intoxicating liquor, without the imposition of the conditions required by G. L. c. 90, § 24D, and without the hearing required by G. L. c. 90, § 24E, violated the legislative mandate of G. L. c. 90, § 24 (1) (*a*) (1), and the procedures set forth in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1991), were not applicable; the order dismissing the charge was vacated and the matter remanded for further proceedings. [510-513]

Complaint received and sworn to in the Boston Municipal Court Department on February 18, 2000.

A motion to dismiss was heard by *Raymond G. Dougan, Jr.,* J.

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on July 7, 2000.

The case was reported by *Greaney,* J.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*Paul M. Richardson* for the defendant.

Cowin, J. The defendant was charged in the Boston Municipal Court Department with operating a motor vehicle while under the influence of intoxicating liquor, operating a motor vehicle after suspension of his license, and a marked lanes violation. He requested pretrial probation without a change of plea[1] for a

---

[1]The defendant had pleaded not guilty at his arraignment.

period of one year and filed a written motion and an affidavit in support of his request. The Commonwealth objected and requested a hearing.

Following arguments, a judge in the Boston Municipal Court dismissed the charges against the defendant. The Commonwealth filed a notice of appeal pursuant to G. L. c. 278, § 28E, and a petition for relief under G. L. c. 211, § 3, and thereafter petitioned a single justice of this court to vacate the judge's order or reserve and report the case to the full court. The single justice reserved and reported the case to the full court. We remand the case to the county court for entry of an order vacating the order of the Boston Municipal Court judge.

1. *The judge's findings.* In his written findings, which we set forth in relevant part, the judge determined that the defendant was in fact operating while under the influence of alcohol.[2] He stated that "[a] continuance without a finding after an admission to sufficient facts then dismissal or probation is the disposition or sentence in the Boston Municipal Court for almost all first and second offenders, including [operating while under the influence] offenders."[3] The judge, however, was concerned that such a continuance or admission could subject the defendant to action by the United States Immigration and Naturalization Service (INS), as the defendant is not a United States citizen. The judge indicated that, under current law, "the INS takes no action for a first offense admission or conviction [of operating under the influence]," but he stated that "the effect or consequence for [the defendant] of future INS action for a subsequent conviction or admission to many criminal offenses . . . is significantly disproportionate to those penalties and sanctions for the same crimes imposed by the courts on individuals who are citizens of the United States." He concluded that, because of the potential immigration consequences of an admission (e.g., "deportation, exclusion from the United States

---

[2]He noted that the police report regarding the defendant's arrest indicated that the defendant had failed field sobriety tests, admitted to being under the influence, and scored a 0.16 on the breathalyzer test. "Evidence that a person's blood alcohol level is 0.08 per cent creates a permissible inference that a person is under the influence of alcohol." *Commonwealth* v. *McCravy*, 430 Mass. 758, 760 (2000), citing G. L. c. 90, § 24 (1) (*e*).

[3]We express no opinion as to the accuracy of this statement by the judge.

or denial of an application for residency or citizenship"), the "interests of public justice" required a dismissal of the complaint. During the hearing, the judge stated that he would continue to dismiss similar cases "until a court specifically, in language that is iron clad, on the record tells me that I don't have the authority."

2. *Jurisdiction.* The defendant challenges our jurisdiction to entertain the Commonwealth's appeal under G. L. c. 211, § 3. General Laws c. 211, § 3, grants this court "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein," but only if no other adequate and effective remedy is available. See *Lykus* v. *Commonwealth,* 432 Mass. 160, 161 (2000), quoting *Lanoue* v. *Commonwealth,* 427 Mass. 1014, 1015 (1998); *Commonwealth* v. *Jenkins,* 431 Mass. 501, 504 (2000). The defendant contends that the Commonwealth had a remedy under G. L. c. 278, § 28E, which permits the Commonwealth to take an appeal to the Appeals Court from an order of a District Court judge (including a Boston Municipal Court judge, see G. L. c. 4, § 7, Fifty-sixth) allowing a motion to dismiss a complaint. Although the Commonwealth could have obtained relief in this specific case from the Appeals Court pursuant to G. L. c. 278, § 28E,[4] it is appropriate that we exercise our general superintendence powers under G. L. c. 211, § 3, in this case, in light of the judge's express intent to continue to dismiss complaints, such as the present one, involving similarly situated defendants. See *Commonwealth* v. *Taylor,* 428 Mass. 623, 625 (1999), quoting *Commonwealth* v. *Cowan,* 422 Mass. 546, 547 (1996) ("[T]he public has a right to expect the Supreme Judicial Court to correct any abuse of judicial power, if not under the statute, G. L. c. 278, § 28E, then at least under its superintendence powers").

3. *Pretrial dismissal.* General Laws c. 90, § 24 (1) (*a*) (1), seventh par., provides, in pertinent part, that "[a] prosecution commenced under [this section] shall not be placed on file or continued without a finding except for dispositions under [§ 24D]." General Laws c. 90, § 24D, in turn, states that a person charged with operating while under the influence "may,

---

[4]The Commonwealth, as noted above, filed a notice of appeal pursuant to G. L. c. 278, § 28E, as well as a petition for relief under G. L. c. 211, § 3.

if such person consents, be placed on probation for not more than two years and shall, as a condition of probation, be assigned to a driver alcohol education program . . . and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both, and such person's license . . . shall be suspended for a [certain] period." General Laws c. 90, § 24E, provides:

> "Where a person has been charged with operating a motor vehicle under the influence of intoxicating liquor, and where the case has been continued without a finding and such person has been placed on probation with his consent and where such person is qualified for disposition under this section, a hearing shall be held by the court at any time after sixty days but not later than ninety days from the date where the case has been continued without a finding to review such person's compliance with the program ordered as a condition of probation and to determine whether dismissal of the charge is warranted."

The Commonwealth argues that the judge's pretrial dismissal of the charge of operating while under the influence violated the legislative mandate of G. L. c. 90, § 24 (1) (*a*) (1). We agree. In that section, the Legislature expressly limited the available ·dispositions for a charge of operating while under the influence and established a procedure whereby such a charge could be dismissed: § 24 (1) (*a*) (1) permits a judge to continue a case without a finding only if the conditions of § 24D are imposed; § 24D permits such a defendant to be placed on probation with conditions for alcohol education and, if necessary, alcohol treatment and rehabilitation; and § 24E provides that, where the case has been continued without a finding and the defendant placed on probation, a hearing to determine whether dismissal of the charge is warranted shall be held sixty to ninety days after the continuance. See J.R. Nolan & B.R. Henry, Criminal Law § 559, at 444-445 (2d ed. 1988). Thus, the Legislature has provided that this is the *only* procedure available for dismissal of a charge of operating while under the influence. Unless the complaint were

legally invalid,[5] see, e.g., *Angiulo* v. *Commonwealth*, 401 Mass. 71, 79-80 (1987) (double jeopardy principles prohibit prosecution); *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982) (insufficient evidence presented to grand jury), a judge has no discretion to dismiss a charge under § 24 (1) (*a*) (1), except in accordance with the dispositional options provided by the governing statute.

Contrary to the defendant's contention, the pretrial dismissal process articulated in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971),[6] is not available to the judge as an alternative to the procedures provided by the operating while under the influence statute. The statute here provided the only means for dismissing an operating while under the influence charge.

Although the *Brandano* procedure cannot apply to a charge of operating while under the influence, we believe the judge's stated reasons for dismissal merit further discussion. The *Brandano* case provides that a valid complaint or indictment cannot be dismissed without the prosecutor's consent unless, among other requirements, the "interests of public justice" mandate a dismissal. *Commonwealth* v. *Brandano*, *supra* at 337. Here, in purporting to hold a *Brandano* hearing, the judge concluded that the potential immigration consequences to the defendant of an admission to sufficient facts justified a dismissal. Taking im-

---

[5]An "independent legal justification" for dismissing a case arises when the complaint or indictment is legally invalid. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 502-503 (1991) (providing examples of dismissals on "legal basis"); *Commonwealth* v. *Vascovitch*, 40 Mass. App. Ct. 62, 64 (1996).

[6]*Commonwealth* v. *Brandano*, 359 Mass. 332 (1971), permitted a judge to dismiss a valid complaint or indictment over the Commonwealth's objection pursuant to certain "standards of procedure." The Legislature later codified the general sentiment expressed in the *Brandano* decision, although not its precise "standards of procedure," in G. L. c. 278, § 18. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 722 (1996) ("We believe . . . that, in enacting § 18, the Legislature was undoubtedly aware of the decision in the *Brandano* case, which created a practice concerning the dismissal of a criminal charge after a continuance that has been used for twenty-five years without substantive challenge"); cf. *Commonwealth* v. *Clerk of the Boston Div. of the Juvenile Court Dep't*, 432 Mass. 693, 700 n.10 (2000) (not deciding whether the *Brandano* procedures survived after promulgation of Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 [1996], permitting Commonwealth to appeal from dismissals of complaints or indictments).

migration consequences into consideration was improper. The possibility that the defendant would be subject to action by the INS is a collateral consequence and cannot be the basis for the judge's decision as to the disposition of this or any future case. See *United States* v. *Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000), quoting *Fruchtman* v. *Kenton*, 531 F.2d 946, 949 (9th Cir. 1976) (immigration effects are collateral because deportation is "not the sentence of the court which accept[s] the plea but of another agency over which the trial judge has no control and for which he has no responsibility"); *Commonwealth* v. *Medeiros*, 48 Mass. App. Ct. 374, 375 (1999) ("judge had no obligation to anticipate changes in the operation of Federal immigration law"); *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843 (1989) (immigration ramifications of conviction are collateral and contingent consequences).

In addition, the judge's concern about immigration effects does not justify a dismissal in the "interests of public justice." His personal views regarding the wisdom or propriety of a given law are irrelevant and undermine the principle of separation of powers. See *McHerron* v. *Jiminy Peak, Inc.*, 422 Mass. 678, 681 (1996) (courts may not substitute their judgment for that of Legislature); *Commonwealth* v. *Leno*, 415 Mass. 835, 841 (1993) (deference to Legislature is recognition of separation of powers); *District Attorney for the Suffolk Dist.* v. *Watson*, 381 Mass. 648, 694 (1980) (Quirico, J., dissenting), quoting *Commonwealth* v. *Leis*, 355 Mass. 189, 201 (1969) (Kirk, J., concurring) ("Judicial inquiry does not extend to the expediency, wisdom or necessity of the legislative judgment for that is a function that rests entirely with the lawmaking department").

The Boston Municipal Court judge's order dismissing the charges against the defendant is vacated, and the case is remanded for further proceedings consistent with this opinion.[7]

*So ordered.*

---

[7]The transcript of the proceedings before the Boston Municipal Court judge and the judge's findings of fact and rulings of law discuss only the judge's reasons for dismissing the charge of operating while under the influence. As we have said, that ruling was erroneous. The judge did not specifically address his reasons for dismissing the other charges, and the parties have not

.

specifically briefed or argued the correctness of the judge's ruling on these charges. We conclude that the dismissal of all the charges should be reviewed on remand in light of our decision today. We therefore vacate the dismissal of the charges of operating a motor vehicle after a license suspension and the marked lanes violation (a civil motor vehicle infraction), as well as the dismissal of the charge of operating while under the influence.