NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-306

COMMONWEALTH

vs.

FAROUQ SAMEJA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, who is not a United States citizen, was born in Dar Es Salaam, Tanzania, and lawfully emigrated to the United States at the age of nineteen.  Approximately twenty years ago, he was sentenced to a one-year term of incarceration as a result of the revocation of his probation in the District Court.  As we explain in more detail below, the imposition of the one-year sentence subjected the defendant to automatic deportation without the possibility of reentry into the country. Represented by new counsel, the defendant filed a motion under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001),

asserting, among other things,[1] that his prior attorney (probation counsel or counsel) was ineffective for failing to advocate for a sentence that would have avoided deportation. The motion was denied by a judge (motion judge), who was not the plea judge or the judge who revoked the defendant's probation (probation hearing judge), and the defendant appealed.[2] We affirm.

Background. On December 7, 2001, the defendant pleaded guilty to one count of credit card misuse, in violation of G. L. c. 266, § 37B (i), and three counts of larceny under $250, in violation of G. L. c. 266, § 30 (1). He was sentenced to one year of probation and ordered to pay restitution as a condition of probation. Another condition of his probation was that he not violate any criminal laws.

While on probation, the defendant committed new criminal offenses of driving with a suspended license and driving an

---

[1] The defendant also claimed that (1) probation counsel did not adequately present all mitigating factors; (2) counsel did not advise the defendant of the right to appeal the revocation of probation and the sentence, which could have avoided his deportation; (3) counsel did not file a motion to reconsider the defendant's sentence; (4) the probation hearing judge failed to determine the defendant's ability to pay restitution and if the alleged violation was willful; (5) the same judge failed to make a statement of reasons for the revocation and sentence imposed; and (6) the trial court did not advise the defendant that he had a right to appeal.

[2] The defendant also filed a motion to reconsider that was denied.

uninsured motor vehicle.  He also failed to pay restitution.  As a result, a notice of violation of probation was issued on March 28, 2002, alleging that he had violated the conditions of his probation by committing new criminal offenses and for missing an office visit.  The defendant stipulated to the violations on April 17, 2002.  A subsequent notice of violation of probation was issued on December 6, 2002 (and later amended in March 2003), for two missed office visits, failure to pay restitution and a victim witness fee, and for committing additional criminal offenses.  However, before a hearing was conducted, the defendant was taken into custody by Immigrations and Customs Enforcement (ICE) and held in prison in Louisiana.  An immigration judge granted cancellation of removal.  In his affidavit submitted in support of his new trial motion, the defendant avers that the judge told him to "settle this case [in Massachusetts]."

Thereafter, on October 1, 2004, the defendant appeared in the District Court for his final violation of probation hearing, where he was found to be in violation of his probation. Probation was revoked on all four convictions, and concurrent sentences of one year in the house of corrections were imposed. According to the defendant, he informed the probation hearing judge that he had been in removal proceedings.  Given the passage of time, there is no transcript of the hearing; however,

3

the defendant further asserts that while his counsel requested a lesser sentence, counsel did not inform the probation hearing judge (or him) that, upon receiving a one-year term of incarceration, the defendant's State misdemeanor convictions would be treated as aggravated felonies under Federal law, subjecting him to automatic deportation.

Thereafter, on January 4, 2005, the defendant was taken from the house of corrections and into custody by ICE a second time, and deportation proceedings commenced before an immigration judge in Boston, who issued a formal order of removal in August 2005. However, the defendant was not deported until approximately fourteen years later, on December 19, 2019. The defendant's motion for a new trial was filed on July 11, 2023. As previously noted, the motion, as well as a subsequent motion for reconsideration, were denied.

Discussion. It is well settled that the defendant was entitled to the effective assistance of counsel at the final violation of probation hearing and that such a claim is properly brought under Mass. R. Crim. P. 30 (b). See Commonwealth v. Patton, 458 Mass. 119, 120 (2010). In reaching her conclusion that the defendant had not met his burden of establishing that (1) "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer" and (2) "whether it has likely deprived the defendant of an

4

otherwise available, substantial ground of defen[s]e," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), the motion judge noted that prior counsel "could not ethically have requested the [probation hearing] judge to consider the immigration consequences of a one-year sentence, nor could the judge have done so" at that time.  The motion judge was correct.  The controlling law in 2004, as explained in Commonwealth v. Quispe, 433 Mass. 508, 512-513 (2001), was that "[t]aking immigration consequences into consideration [at sentencing] was improper.  The possibility that the defendant would be subject to action by the [relevant immigration authority] [was] a collateral consequence and [could not have] be[en] the basis for the judge's decision as to the disposition of this or any future case."[3]  Accordingly, while we recognize the hardship the defendant has endured and, according to his affidavit, continues to face, and we are cognizant of the fact that, had the probation hearing judge imposed a sentence of 364 days rather than 365, the defendant might not have faced the same immigration consequences, the record does not support his claim of ineffective assistance of counsel and the motion was properly denied on this ground.

---

[3] We recognize that Quispe, 433 Mass. 508, was overruled a decade later.  See Commonwealth v. Marinho, 464 Mass. 115, 128 n.19 (2013).

5

The defendant's remaining arguments require little discussion. We are not persuaded that Commonwealth v. Marinho, 464 Mass. 115, 128 n.19 (2013), which overruled Quispe, 433 Mass. 508, applies retroactively. In any event, even if we were to conclude otherwise, the defendant fares no better if only because he has not established that the outcome of the proceeding would have been different. In addition, we agree with the motion judge who, with respect to the defendant's argument that there was no evidence that the probation hearing judge considered his ability to pay the restitution he owed, concluded that because the seminal case on the subject, Commonwealth v. Henry, 475 Mass. 117 (2016), had not been decided at the time of the defendant's violation hearing, there was no error. The motion judge further noted that "failure to pay restitution was but one of several violations considered by the [probation hearing] judge, violations which included a new offense for which the defendant was subsequently found guilty and sentenced to a six-month period of incarceration." Lastly, we agree with the motion judge, who, relying on Commonwealth v. Hoyle, 67 Mass. App. Ct. 10 (2006), determined that the defendant "has not rebutted the presumption of regularity which applies to this very old case, of which a complete record is no longer available given the passage of time." As a result, the defendant's claims, which are supported only by his own

6

affidavit, including his argument that he allegedly was not advised of his right to appeal, are unavailing.

Lastly, we discern no abuse of discretion in the denial of the defendant's motion to reconsider. Contrary to the defendant's assertion, the motion judge's decision was supported by our case law and was not "without legal justification." Furthermore, although the motion judge did not directly address the question, we are not persuaded that, at the time of the defendant's probation revocation hearing, it was predictable that Quispie would be overruled and therefore he should not be precluded from making the argument that the probation hearing judge should have considered the immigration consequences of a one-year sentence.

Order denying motion for new trial affirmed.

Order denying motion for reconsideration affirmed.

By the Court (Vuono, Brennan & D'Angelo, JJ.[4]),

*Paul Little*

Clerk

Entered: March 27, 2025.

---

[4] The panelists are listed in order of seniority.