## COMMONWEALTH *vs.* THOMAS GREEN.

No. 99-P-1960.

Plymouth. June 4, 2001. - July 16, 2001.

Present: DUFFLY, CYPHER, & MASON, JJ.

*Practice, Criminal,* Continuance without a finding, Trial of complaints together. *Judge. Constitutional Law,* Double jeopardy. *Waiver.*

A District Court judge's revocation of initial continuances without findings on certain criminal charges after an ex parte communication with the prosecutor, while giving the appearance of impropriety, did not prejudice the defendant, where the judge's initial action in reducing the charges over the Commonwealth's objection was plainly in excess of his powers, and where it was the defendant himself who chose to proceed to trial. [101]

A criminal defendant was not subjected to a second prosecution for the same offense after conviction or to multiple punishments for the same offense in violation of his rights under the double jeopardy clause, where the initial disposition of the matter had been completely vacated, and where the defendant, by failing to raise any such claim at the time of trial, waived any defense of double jeopardy he might have had. [101-102]

A criminal defendant was not prejudiced by the improper joinder of charges that were not "related offenses," where the case was tried to a judge, rather than a jury, who avoided any impermissible cross-use of evidence; where the evidence supporting guilty verdicts in the case was particularly strong; and where there was no merit in the defendant's bare assertion that the improper joinder somehow interfered with his right to remain silent with respect to some of the charges, and to testify in his own behalf with respect to each of the others. [102-104]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 9, 1998.

The case was heard by *James F.X. Dinneen,* J.

*J. Whitfield Larrabee* for the defendant.

*Jeffrey S. Beckerman,* Assistant District Attorney, for the Commonwealth.

MASON, J. After a bench trial in the District Court, Thomas Green was convicted of assault and battery, possession of

marijuana with intent to distribute, and unlawful possession of ammunition. On appeal Green claims that the judge committed error in (1) revoking prior dispositions of all the charges against him and (2) failing to sever the offenses for trial. Green also claims that he was subjected to double jeopardy as a result of his revoked dispositions. We affirm the convictions.

*The facts.* The following evidence was admitted at trial. On March 5, 1998, Josephine Gomes, who had a relationship with Green, was sitting in the front seat of a car parked in front of a house in Brockton with a man named Rui. He was sitting in the driver's seat. A second man (Tony) was sitting in the back seat with a young woman (Jane).[1]

At some point during the evening Green drove by in a car and noticed Gomes sitting with Rui. Green was accompanied by his brother, Nick, and another. Green placed his car in a blocking position in front of Gomes's car. He got out of his car, approached Gomes, and demanded that she get out of the car. When Gomes refused, Green struck the car several times with a beer bottle.

After Green had damaged one of the car's windows, Gomes got out and she and Green began to argue, both shouting obscenities. In the course of this argument Green grabbed Gomes' hair, slapped her with his open hand, and struck her with his fist on the side of her head. Gomes returned to her car, and Rui drove away. As he did so, Green threw his beer bottle at the retreating car, breaking the car's rear window.

On March 7, 1998, Gomes reported the foregoing incidents to the Brockton police and also that on a prior occasion Green had beaten her. She also informed the police that she had observed Green on several occasions purchase large quantities of marijuana and repackage that marijuana for resale; that Green usually carried out his repackaging activities either in the bedroom of his residence or in his car; and that she had seen both a handgun and a knife in Green's possession.

After obtaining a search warrant, Brockton police officers went to Green's residence on the afternoon of March 8, 1998. They entered and placed Green under arrest, and then conducted

---

[1] A fictitious name.

a search of his bedroom. They found a bag of marijuana, several bullets, two boxes of plastic sandwich bags, two pagers, a small safe containing approximately $500 in cash, and various envelopes and bills containing Green's name. They also found a six-inch knife and a pager on Green's person.

*Proceedings.* On Monday, March 9, a complaint issued charging Green with assault and battery based on the March 5 incident, assault and battery based on his alleged earlier beating of the victim, threatening to commit a crime, possession of marijuana with intent to distribute, and possession of ammunition. A pretrial conference was held on March 30, 1998. See G. L. c. 278, § 18. At that time, a District Court judge, acting over the prosecutor's objection, reduced the drug charge of possession of marijuana with intent to distribute to possession of marijuana. The judge then allowed Green to enter an *Alford* plea to each of the charges, whereby he admitted only that the Commonwealth could prove the offenses charged beyond a reasonable doubt. See *North Carolina* v. *Alford*, 400 U.S. 25, 37-38 (1970). The judge then continued all the charges for a period of one year without a finding, subject to certain probationary conditions. He also ordered Green to participate in an anger-management program.

The next day, under circumstances that do not appear in the record, the prosecutor had an ex parte conversation with the judge. He informed the judge that he would pursue an appeal from the judge's reduction of the drug charge. The judge told the prosecutor to put the case "back on the list" and he would deal with it then.

The prosecutor promptly notified defense counsel regarding the judge's direction and the parties agreed to the date of April 28 for a further pretrial conference. The prosecutor then filed a motion to vacate the disposition and place the case back on the pretrial list. The judge allowed the motion.

At the further pretrial conference, defense counsel stated that Green had been "very reluctant" about his prior *Alford* plea and informed the court that Green did not "want the admission anymore." At this time, defense counsel filed a motion to sever the assault and battery and threat charges from the drug and ammunition charges. The judge denied this motion and assigned

a trial date. On the assigned trial date, the prosecutor told defense counsel that the Commonwealth would be willing to accept the same disposition that had previously been vacated. No such agreement was reached, however, and after a further short continuance, the matter proceeded to trial.

After the trial, the judge found Green guilty of the assault and battery charge arising from the March 5 incident, and also of possession of marijuana with intent to distribute and of unlawful possession of ammunition. The judge found Green not guilty of the additional assault and battery charge and also of threatening to commit a crime.

1. *Revocation of continuances without a finding.* Green first contends that the judge's revocation of the initial continuances without a finding was improper since it was based on an ex parte communication by the prosecutor which violated his right to be present and have the assistance of counsel at all the critical stages of a criminal proceeding against him. See *Commonwealth* v. *L'Abbe*, 421 Mass. 262, 268 (1995).

We agree that the ex parte communication gave the appearance of impropriety. Any such communication is "contrary to the basic values of fairness governing litigation under our adversary system." *Olsson* v. *Waite*, 373 Mass. 517, 533 (1987).

However, the judge's initial action of reducing the drug charge over the Commonwealth's objection was plainly in excess of the judge's powers, and hence was subject to reversal in the event of an appeal by the Commonwealth. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 503 (1991) ("[n]either court congestion nor judicial economy justifies a judge in taking a plea to a lesser included offense over the Commonwealth's objection"). Moreover, Green did not oppose the prosecutor's motion to vacate the disposition on all the charges and subsequently rejected the prosecutor's offer to have the same disposition reinstated. It was therefore Green himself who chose to proceed to trial. In these circumstances, we cannot say that Green suffered any prejudice as a result of the judge's actions.

2. *Alleged double jeopardy violation.* Green next claims that the procedures in this case violated his rights under the double jeopardy clause of the Fifth Amendment to the United States

Constitution. More specifically, Green claims that he was "subjected to a second prosecution for the same offense after conviction," and "subjected to multiple punishments for the same offense," both in violation of his rights under the double jeopardy clause. See *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995).

Since the initial disposition of this matter was completely vacated, Green was not subjected to multiple punishments for the same offense. Moreover, to the extent that Green is asserting that the trial ultimately held in this case constituted "a second prosecution for the same offense after conviction," he failed to raise any such claim at the time of such trial. He therefore waived any defense of double jeopardy that he might have had to such trial. *Commonwealth* v. *Spear*, 43 Mass. App. Ct. 583, 584-589 (1997).

3. *Alleged prejudicial misjoinder.* Green finally contends that the assault and battery and threat charges were improperly joined for trial with the drug and ammunition charges, and that this impermissible joinder caused him substantial prejudice. Green refers specifically to the cross-admission of impermissible bad acts evidence. See *Commonwealth* v. *Trapp*, 396 Mass. 202, 206 (1985). Green also asserts that the improper joinder interfered with his right to remain silent regarding the drug and ammunition charges, and also with his right to testify regarding the assault and battery and threat charges.

We agree that there was an improper joinder in this case. Rule 9(a) of the Massachusetts Rules of Criminal Procedure provides that only "related offenses" may be joined in a single indictment or complaint. See Mass.R.Crim.P. 9(a)(2), 378 Mass. 859 (1979). The rule additionally provides that offenses are related only if they are "[*first*] based on the same criminal conduct or episode or [*second*] arise out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan." Neither of these circumstances was present here. See *Commonwealth* v. *Blow*, 362 Mass. 196, 200-201 (1972) (offenses are not related merely because they were all committed by the same defendant on a single day).

Nonetheless, we think that the error was harmless in this

case. See *United States* v. *Lane*, 474 U.S. 438, 449 (1985) (misjoinder requires reversal only if it results in actual prejudice to the defendant). First, the case was tried to a judge, rather than a jury, and there is reason to believe both that the judge was capable of avoiding the impermissible cross-use of evidence and that he actually did so. See *Commonwealth* v. *Colon*, 33 Mass. App. Ct. 304, 307-308 (1992) (judge sitting as trier of fact presumably applies correct legal principles). Thus, while the judge found Green guilty of the drug and ammunition charges, and also of the assault and battery charge based on the March 5 incident, the judge found Green not guilty of the additional assault and battery charge and also of the threat charge. Such discernment by the factfinder in assessing the evidence is a strong indication that a misjoinder of offenses has not resulted in any actual prejudice to the defendant. See *Commonwealth* v. *Delaney*, 425 Mass. 587, 595 (1997), cert. denied, 522 U.S. 1058 (1998) (defendant had not been prejudiced by joinder of offenses for trial where it was clear from not guilty verdicts on some of the charges that the jury had carefully considered the evidence with respect to each crime charged). See also *United States* v. *Edgar*, 82 F.3d 499, 504 (1st Cir.), cert. denied, 519 U.S. 870 (1996) (jury's acquittal on some of several counts suggests that the jury was not confused by joinder).

Moreover, the evidence supporting the guilty verdicts in this case was particularly strong, especially in view of the items found in the search. With respect to the separate assault and battery charge, not only the victim but also the young witness, Jane, testified that the assault and battery had in fact occurred, while Green denied that he had had any encounter with the victim on the evening in question. In these circumstances, we are convinced that the improper joinder simply did not matter to the judge's ultimate findings and, hence, did not result in any actual prejudice to the defendant.

We find no merit in Green's bare assertion that the improper joinder somehow interfered with his right to remain silent with respect to some of the charges, and to testify in his own behalf with respect to each of the others. Such self-serving, conclusory allegations are not enough by themselves to show actual

prejudice from an improper joinder. *Commonwealth* v. *Wilson*, 427 Mass. 336, 347 (1998).

*Judgments affirmed.*