Following a jury trial in District Court, the defendant, Khavon Johnson, was convicted of assault by means of a dangerous weapon and vandalizing property.[2] On appeal, the defendant argues that his counsel was ineffective and that the judge abused his discretion in denying his motion for a mistrial. We affirm.
Background. The jury could have found the following facts. On November 8, 2015, at approximately 7:30 P.M. , Constance Santiago and Benjamin Quintana heard the defendant yelling and swearing outside their home in Worcester. They also observed the defendant crouching next to Santiago's rental car. When Santiago and Quintana went outside, Santiago saw that two of her tires were flat and that the defendant was popping the other tires. The defendant and Quintana then had a scuffle. It was alleged that the defendant pointed a knife at Quintana and at Santiago.[3] The defendant then ran to the gas station across the street and left the scene in his Buick Regal. Santiago recorded the defendant's license plate number and called 911. Worcester police officers spoke with Santiago and were able to apprehend the defendant approximately one-quarter mile from the victims' home. Only a knife was recovered from the defendant.
Discussion. 1. Ineffective assistance of counsel. The defendant claims his attorney was ineffective because he introduced the entirety of Santiago's 911 call, which included her statement that the defendant had previously slashed her tires.
The defendant raises this claim in its "weakest form," having failed to file a motion for a new trial. Commonwealth v. Diaz, 448 Mass. 286, 289 (2007). The basis for the claim does not, as the defendant claims, appear indisputably on the record. See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006). In fact, the trial transcript merely states "audio playing"; the call itself was not transcribed, nor was there any effort to reconstruct that aspect of the record. See Commonwealth v. Woody, 429 Mass. 95, 96-99 (1999). Indeed, neither party submitted the recording as evidence. Nor did either counsel reference the prior tire slashing incident in closing argument.
Here, the defendant appears to assume that trial counsel would have been successful in seeking to redact portions of the 911 audio recording. In response, the Commonwealth offers a rational basis for opposing such redaction-the doctrine of verbal completeness. On this record, we are unable to ascertain defense counsel's strategy. On the one hand, he could have sought an order to redact so much of the recording that referenced the prior tire slashing. On the other hand, if portions of the recording were redacted, defense counsel would not have been able to argue that Santiago failed to mention a gun in her call to 911. It is precisely due to this dichotomy that we are unable to say that defense counsel's decision was manifestly unreasonable. See generally Commonwealth v. Saferian, 366 Mass. 89 (1974). Indeed, portions of the audio recording were of significant help to the defendant as defense counsel used the recording to impeach Santiago's credibility. This strategy proved successful as the jury acquitted the defendant of multiple charges against him, including the charges involving the purported gun. "Such discernment by the factfinder in assessing the evidence is a strong indication" that the proceedings were not infected by any actual prejudice to the defendant. Commonwealth v. Green, 52 Mass. App. Ct. 98, 103 (2001).
2. Denial of motion for mistrial. The defendant contends that the trial judge abused his discretion in denying his motion for a mistrial based on Santiago's testimony that the defendant was incarcerated when she attempted to serve him with the restraining order. He contends that the curative instruction given by the judge failed to adequately correct the error. We disagree.
We review a judge's denial of a motion for mistrial "under the abuse of discretion standard." Commonwealth v. Copney, 468 Mass. 405, 415 (2014). "Where a party seeks a mistrial in response to the jury's exposure to inadmissible evidence, the judge may correctly rel[y] on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant." Commonwealth v. Bryant, 447 Mass. 494, 503 (2006), quoting from Commonwealth v. Kilburn, 426 Mass. 31, 37-38 (1997).
We presume that the jurors followed the judge's prompt and strongly worded instruction to disregard Santiago's statement. See Commonwealth v. Durand, 475 Mass. 657, 669 (2016). The statement was also "not so inflammatory that a denial of the defendant's motion for a mistrial was inherently an abuse of discretion." Bryant, 447 Mass. at 503. Curative instructions in this case were also sufficient as three police witnesses testified that the defendant was taken into custody and neither party commented on Santiago's statement again. See Commonwealth v. Gallagher, 408 Mass. 510, 517-518 (1990) (witness testified that dental examination of defendant occurred in jail).
Judgments affirmed.

The defendant was also charged with one count of possession of a class B substance with the intent to distribute, two counts of assault by means of a dangerous weapon, a firearm, one count of assault by means of a dangerous weapon, a knife, and two counts of intimidation of a witness. The defendant pleaded guilty to so much of the complaint which alleged possession of a class B substance. At the close of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty as to one count of assault by means of a dangerous weapon. The jury found the defendant not guilty as to the other counts.

The precise chronology of the encounter is unclear as there were discrepancies between Santiago's and Quintana's testimony, Santiago's affidavit filed in support of her request for an emergency restraining order, and her 911 call after the incident. Both victims also testified that the defendant pointed a gun at them, but no gun was recovered from the defendant or found nearby.