The defendant was charged with operating a motor vehicle with a suspended license, G. L. c. 90, § 23, and two civil motor vehicle equipment infractions, G. L. c. 90, § 7. After the case was continued multiple times because the defendant had not been transported to the court house from the Massachusetts Correctional Institution at Cedar Junction (Cedar Junction), a District Court judge dismissed the case, sua sponte, over the Commonwealth's objection. We agree with the Commonwealth that the judge exceeded her authority when she dismissed the case. Accordingly, we vacate the judgment of dismissal.
Background. We summarize the relevant procedural history. The complaint issued on August 2, 2016, and the defendant was arraigned the following day. On September 8, 2016, the defendant failed to appear for a pretrial conference and an arrest warrant issued. When the defendant next appeared in court on December 14, 2016, the warrant was recalled and bail was set at $200, which the defendant did not post. In January, 2017, the case was continued to February 10, 2017. At the hearing on February 10th, the judge was informed that the defendant was being held at Cedar Junction and had not been transported.[2] Consequently, the case was continued to March 15, 2017, for a pretrial hearing.
On that date, the defendant again failed to appear because he had not been transported from Cedar Junction. The following discussion ensued.
THE COURT : "What's the story?"
THE CLERK : "Well, the charge here is operating after suspension. I don't know what he's in jail for or how long he's doing."
DEFENSE COUNSEL : "It's going to be --"
THE COURT : "Commonwealth?"
THE PROSECUTOR : "He's in jail for rape of a child. We're not dismissing this one, Your Honor."
THE COURT : "It's an operating after suspension, Commonwealth."
THE PROSECUTOR : "I understand, Your Honor."
THE COURT : "So it's dismissed over the Commonwealth's objection."
DEFENSE COUNSEL : "Thank you, Your Honor."
THE COURT : "Is that a strenuous objection, Commonwealth?"
THE PROSECUTOR : "No, Your Honor."
Discussion. "It is well established that the judiciary does not have the power to dismiss an otherwise legally adequate complaint or indictment prior to verdict, finding, or plea, over the objection of the prosecutor." Commonwealth v. Manning, 75 Mass. App. Ct. 829, 831-832 (2009). This precept "rests on the principle of separation of powers, set forth in art. 30 of the Massachusetts Declaration of Rights, which does not 'permit judges to substitute their judgment as to whom and what crimes to prosecute, for the judgment of those who are constitutionally charged with that duty.' " Id. at 832, quoting from Commonwealth v. Cheney, 440 Mass. 568, 575 (2003). "Absent a legitimate basis that appears from the record, ... sanctioned by statute or rule," a judge may not dismiss a valid complaint over the Commonwealth's objection. Commonwealth v. Kardas, 93 Mass. App. Ct. 620, 625 (2018). See Commonwealth v. Morgan, 476 Mass. 768, 780 (2017).
Here, the record does not reflect a legitimate basis for the dismissal. The defendant did not file a motion to dismiss, the judge did not explain her reasoning, and the docket entry for March 15th indicates only the following: "[Defendant] not transported again. Dismissed over [Commonwealth's] objection."[3] While the judge may well have concluded that the interests of judicial economy warranted dismissal in light of multiple continuances on this relatively minor charge, that judgment was not hers to make. Absent a motion to dismiss, it was for the prosecutor, and not the judge, to assess the merits of prosecution.
Judgment vacated.

Although the record is not clear, the defendant's incarceration at Cedar Junction appears to have resulted from some combination of prior convictions and other pending charges.

We are not persuaded by the defendant's argument that the Commonwealth did not properly object to the dismissal. The transcript and the docket sheet indicate otherwise. "By consistently expressing its desire and intent to prosecute [the defendant], the Commonwealth preserved its rights to challenge the judge's dismissal." Cheney, supra at 573 n.11.